MISSOURI, K. & T. RY. CO. v. TOWN OF WITCHER *et al.*

No. 944.  Opinion Filed January 12, 1910.

(106 Pac. 852.)

RAILROADS—Regulation — Stopping Trains at Station—"Adequate Facilities." Where a railroad company has not provided adequate and reasonable facilities for the accommodation of local traffic to and from a certain place which is within 11 miles of the county seat, a city of over 30,000 inhabitants, located on the same railroad, an order of the Corporation Commission requiring it to stop at said point another train each way engaged in interstate commerce when the stopping of such trains would not reasonably prevent the making of their interstate connections, or interfere with same, will not be construed on review in this court as being unreasonable.

(a) The term "adequate facilities" is not capable of exact definition, being a relative term, and calls for such facilities as may be fairly demanded, regard being had to the size of such station or place, the extent of the demand of transportation, its relative location to other places, the cost of furnishing the additional accommodations asked for, and all other facts which

would have a bearing upon the question of convenience and cost. M., K. & T. Ry. Co. v. Town of Norfolk et al., *ante*, p. 325, 107 Pac. 172.

(Syllabus by the Court.)

*Appeal from Corporation Commission.*

Action by the town of Witcher and others against the Missouri, Kansas & Texas Railway Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

*Clifford L. Jackson,* for appellant.

*George A. Henshaw,* Asst. Atty. Gen., for appellees.

WILLIAMS, J. The appellant is required by the Corporation Commission to stop on flag or signal its two fast through trains running from Oklahoma City to Parsons, Kansas, and returning, at Witcher. The schedules of the trains stopping at said station are as follows: North bound: No. 26, 11:04 a. m. No. 562, local freight, daily except Sunday, carrying passengers, 7:55 a. m. South bound: No. 25, 4:54 p. m. No. 561, local freight daily except Sunday, carrying passengers, 3:45 p. m.

No. 22 going north passes said station between 6:30 and 7:10 p. m., and No. 21 going south between 9:31 a. m. and 10:15 a. m. Under the authorities cited in the case of *M., K. & T. Ry. Co. v. Norfolk, ante,* p. 325, 107 Pac. 172, we believe that the Corporation Commission was justified in reaching the conclusion when the location of the station relative to a city of the size of Oklahoma City, in addition to the fact that it is a county seat, and the local facilities existing at said station at which the interstate train has been commanded to stop, are considered. With the local trains so run that a party in going from Witcher to Oklahoma City, only the distance of 11 miles, and returning by train, requires 48 hours, necessitating remaining over in said city during the night, making it more convenient and practicable to make the journey for such distance by private conveyance than by rail to a county seat and a city of its size, this is neither an adequate nor reasonable facility.

There has been no effort to show that the stopping of these two trains would operate as a pecuniary loss to the appellant, nor does it appear that such stoppage would reasonably prevent or

hamper the interstate connections contemplated. It is true that Witcher is a small town, having only four or five dwelling houses, three store buildings, a gin, elevator, and blacksmith shop, but the adjacent or tributary country is thickly settled and a nearby city of the size of Oklahoma City would naturally be the general trading point of such people. In addition, it is the county seat in which the county offices are located and the people necessarily have frequent occasion to go to transact business arising with such officers.

The order appealed from is presumed to be just and reasonable on review in this court until such presumption is overcome by appellant. *A., T. & S. F. Ry. Co. v. State et al.*, 23 Okla. 210, 100 Pac. 11, 21 L. R. A. (N. S.) 908; *A., T. & S. F. Ry. Co. v. State et al.*, 23 Okla. 510, 101 Pac. 262; *C., R. I. & P. Ry. Co. v. State et al.*, 24 Okla. 370, 103 Pac. 617. We are not prepared to say that the appellant has discharged this burden.

The judgment of the Corporation Commission is affirmed.

All the Justices concur.