## CHICAGO, R. I. & P. RY. CO. v. STATE et al.

No. 9021—Opinion Filed Oct. 1, 1918.

(175 Pac. 199.)

(Syllabus.)

**Railroads — Interstate Passenger Train — Local Service.**

Where reasonable and adequate local passenger service is afforded a community by a railroad company, a through interstate passenger train cannot be required to stop and perform local service.

Appeal from an Order of Corporation Commission.

The Chicago, Rock Island & Pacific Railway Company was required by an order of the Corporation Commission to stop certain trains at the town of Hennessey, and appeals from the order. Reversed.

C. O. Blake, for plaintiff in error.

S. P. Freeling, Atty. Gen., and John B. Harrison, Asst. Atty. Gen. (Paul A. Walker, of counsel for Corporation Commission), for defendants in error.

BRETT, J. This is an appeal from an order of the Corporation Commission, requiring the Chicago, Rock Island & Pacific Railway Company to stop passenger trains numbered 31 and 32 at the town of Hennessey, and receive and discharge passengers who purchase tickets to and from Oklahoma City. The citizens of Hennessey complained to the Corporation Commission of the train

service afforded the town of Hennessey by the Chicago, Rock Island & Pacific Railway Company, and asked the Corporation Commission to require the railroad company to stop the through passenger train, which runs from Dallas, Tex., to Kansas City, Mo., and from Kansas City, Mo., to Dallas, Tex., at Hennessey, on flag; the complaint alleging that this would afford a great convenience to the citizens of Hennessey, who desired to go to Kingfisher, their county seat, or to Oklahoma City, the state capitol. A hearing was had on the complaint, and the Corporation Commission found that the town of Hennessey had the service of three passenger trains each way daily, besides a local freight, which also carried passengers, and found further that this was reasonable service, saying:

"The commission, in this case, finds that three passenger trains, each way, a day is reasonable service, and is as good service as is afforded any town the size of Hennessey in the state of Oklahoma, and better service than is afforded 90 per cent. of the towns in the state of that size. In addition to the three passenger trains stopping, and one local freight, at Hennessey, this through train stops for passengers, who purchase tickets for Kansas City, or to a point in Texas, Ark., or beyond."

But regardless of this finding, the commission made an order, requiring this through passenger train to stop at Hennessey to receive and discharge passengers who purchase tickets to and from Oklahoma City.

It is apparent, from the findings of fact made by the commission, that this order cannot stand. The rule, which is well established and uniformly followed by this court and other courts, including the Supreme Court of the United States, is that, where reasonable and adequate passenger service is afforded a community, a through interstate passenger train cannot be required to stop and perform local service. M., K. & T. v. Town of Norfolk, 25 Okla. 325, 107 Pac. 172, 29 L. R. A. (N. S.) 159; St. & S. F. Ry. v. Reynolds, 26 Okla. 804, 110 Pac. 668, 138 Am. St. Rep. 1003; Cleveland, etc., Ry. v. Ill., 177 U. S. 514, 20 Sup. Ct. 722, 44 L. Ed. 868; Gladson v. Minn., 166 U. S. 427, 17 Sup. Ct. 627, 41 L. Ed. 1064; Atlantic C. L. R. v. Wharton, 207 U. S. 328, 28 Sup. Ct. 121, 52 L. Ed. 230. Any other rule would, in effect, annul such trains as through passenger trains; for, if such trains can be stopped for the mere convenience of one community, then they can be stopped for the convenience of all communities similarly situated, and their usefulness as through trains thus destroyed.

Hence it is uniformly held that, where a railroad company has provided adequate and reasonable facilities for the accommodation of the local traffic, an order of the Corporation Commission, requiring it to stop a train engaged in interstate commerce to perform local service, is unreasonable and will not be upheld.

The order of the Corporation Commission is therefore reversed.

All the Justices concur, except KANE, J., not participating.