ISAAC N. TAYLOR, APPELLANT, V. ROBERT WILSON AND OTHERS, APPELLEES.

1. **Officers:** PRESUMPTION AS TO OFFICIAL ACTS. The presumptions of law are in favor of the due performance of official duty by public officers, and until the contrary is made to appear it will be presumed that such officers have performed the duties enjoined upon them by law.

2. **Constitutional Law:** FAILURE OF PRESIDING OFFICER TO SIGN BILL. The failure of the presiding officer of the senate to sign a bill, which was afterwards approved by the governor, and which the journal of the senate shows passed the senate by the constitutional majority, does not affect the validity of the act. *Cottrell v. The State*, 9 Neb., 125.

THIS was an action brought in the district court of Antelope county, before TIFFANY, J., for the issuance of an injunction restraining the defendant Wilson, county clerk, and other county officers, from removing their respective records from Oakdale to Neligh, which had been declared the county seat of said county by virtue of a special election held therein Oct. 2, 1883, under the provisions of art. III., chap. 17, Compiled Statutes. A temporary injunction was allowed, but on final hearing dissolved, and judgment rendered dismissing the case at the costs of plaintiff. The plaintiff appeals.

*D. A. Holmes*, for appellant.

*Thos. O'Day* and *N. D. Jackson*, for appellees.

REESE, J.

There is but one question presented by the brief of appellant in this cause, and that is the alleged unconstitutionality of the act entitled, "An act to provide for the relocation of county seats," approved February 24th, 1875, Laws of 1875, 159.

The contention on the part of the appellant is, that 'the act in question was not signed by the president of the senate in the presence of the senate, as required by section 20 of art. II. of the constitution of 1866, that constitution being in force at the time of the passage of the act.

By an inspection of the journals of the senate and house of representatives of the session at which this act was passed, it will be seen that the bill for the act originated in the house and was designated as "House Roll No. 229." The senate journal shows, at page 497, that the bill was passed in due form, receiving the requisite number of votes, but the record fails to disclose the fact that the act after its passage was publicly signed by the presiding officer of the senate, as required by the section of the constitution above referred to. An inspection of the original bill on file in the office of the secretary of state discloses the further fact that the bill was in fact signed, or rather that it has the signature of the president of the senate properly attached.

It is a familiar rule of law that all presumptions are in favor of the due performance of the duties of officers, and that until it is shown that an officer has failed to discharge a duty enjoined upon him by law it must be presumed that he has performed it. The act is properly signed by the proper officer. The records of the senate show that it was properly passed, and that House Roll No. 229 was publicly signed by the president. The mere fact that a wrong title was given by the secretary of the senate to the act signed, would not be sufficient to rebut the presumption that House Roll No. 229 was the act signed. And especially is this true since the bill referred to by title was not in fact passed.

While we think the senate journal sufficiently shows that the act in question was in fact signed by the president of the senate, yet it has been held by this court in *Cottrell v. The State*, 9 Neb., 125, that the failure of the presiding officer of the senate to sign a bill which was duly passed

by the senate and afterwards approved by the governor did not affect the validity of the act, and in the opinion written by MAXWELL, CH. J., it is said that, "The signature of a presiding officer to a bill is a mere certificate to the governor that it has passed the requisite number of readings, and been adopted by the constitutional majority of the house over which he presides.  *  *  *  And when it appears from the journals that a bill has passed by the requisite majority, and has been approved by the governor, the failure of the presiding officer to affix his signature thereto will not invalidate the act, as it will be presumed that the governor had sufficient evidence before him of the passage of the bill at the time he approved the same." Applying this rule to the act in question, the inquiry as to whether or not it was signed becomes an unimportant one, as the act unsigned "is of the same validity as though signed by the presiding officer of the senate." Id.

It follows that the decision of the district court holding the act constitutional was correct, and is therefore affirmed.

JUDGMENT AFFIRMED.