STATE, EX REL. NEBRASKA STATE RAILWAY COMMISSION, APPELLEE, v. MISSOURI PACIFIC RAILWAY COMPANY, APPELLANT.

FILED DECEMBER 29, 1916.    No. 19004.

1. **Statutes:** CONSTRUCTION. A statute susceptible of a reasonable construction avoiding a conflict with the Constitution should be so construed.

2. **Carriers:** TELEPHONES: STATUTE: CONSTITUTIONALITY. The statute requiring common carriers to furnish adequate telephone connections between their offices, buildings and grounds and the local telephone exchange, provides for a notice and a hearing before the state railway commission as to the reasonableness of such requirement, and is not unconstitutional as depriving the carrier of its property without due process of law or as denying it the equal protection of the laws. Rev. St. 1913, secs. 5988-5990, Laws 1909, ch. 106, secs. 1-3.

3. **Mandamus:** ORDERS OF RAILWAY COMMISSION: PRESUMPTIONS. On application for mandamus to enforce an order of the state railway commission, jurisdiction having been acquired and no appeal having been taken, it will be presumed that the findings of the commission were sustained by the evidence.

4. **Statutes:** CONSTITUTIONALITY. "The failure of the presiding officer of the senate to sign a bill, which was afterwards approved by the governor, and which the journal of the senate shows passed the senate by the constitutional majority, does not affect the validity of the act." *Taylor v. Wilson,* 17 Neb. 88.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE, *Affirmed.*

*B. P. Waggener, J. A. C. Kennedy* and *Yale C. Holland,* for appellant.

*Willis E. Reed, Attorney General,* and *George W. Ayres,* contra

ROSE, J.

The Nebraska State Railway Commission, relator, applied to the district court for a peremptory writ of mandamus requiring the Missouri Pacific Railway Company, respondent, to provide telephone service in the station at Panama in compliance with an order made by relator under a statute providing:

"Every railway company, express company or telegraph company doing business in this state shall furnish reasonably adequate telephone connections between its offices, buildings and grounds, and the public telephone exchanges operated in the towns where the same are located.'

"The state railway commission is hereby authorized and empowered to require and compel the furnishing of such service. Upon complaint to the railway commission of Nebraska that any telephonic service with any railroad, telegraph or express company's buildings, offices or grounds is inadequate or in any respect unreasonably or unjustly discriminatory or that such service cannot be had, it shall be the duty of the commission to investigate the same, and if upon investigation the commission shall find that any telephonic service is inadequate or unreasonably or unjustly discriminatory or that such service cannot be had, it shall determine and by order fix a reasonable regulation, practice or service to be installed, imposed, observed and operated in the future." Rev. St. 1913, secs. 5988, 5989, Laws 1909, ch. 106, secs. 1, 2.

Respondent resisted the application for the writ on the ground that the act is unconstitutional as denying

respondent the equal protection of the laws and as depriving it of property without due process of law. The trial court upheld the act and allowed the writ. Respondent has appealed.

It is argued that respondent is required by the act to furnish telephone connections between its offices, buildings and grounds and the local telephone exchange without regard to necessity or expense, and *Missouri P. R. Co. v. State of Nebraska*, 217 U. S. 196, is cited to sustain the position thus taken. The reasons for condemning the act assailed in that case are not applicable to the legislation now under consideration. Respondent's construction of the enactment relating to telephones is not the only one of which the act is susceptible. There is a reasonable interpretation which will avoid a conflict with the Constitution and it should be adopted. *State v. Howard*, 96 Neb. 278, 291; *Gaster v. Gaster*, 92 Neb. 6, 10; *State v. Smith*, 35 Neb. 13, 24. The legislation authorizes the state railway commission to exact the service described in the act. There is no penalty prescribed except for a failure to perform a service ordered by the state railway commission. The act seems to contemplate the right to be heard before that body and the determination by it of the reasonableness of the service. This interpretation is a reasonable one and avoids a conflict with the Constitution. Under the act thus construed, respondent had a hearing before the state railway commission and was ordered to install a telephone at Panama.

Does the order deprive respondent of its property without due process of law or deny it the equal protection of the laws? Respondent contends that the service required is not essential to the proper operation of the railroad as a common carrier of persons and property, and that the use of a telephone would be a mere accommodation to the inhabitants of the village at the expense of respondent without benefit to it. The duties

of a common carrier are not limited to the actual transportation of persons and property. There are other obligations incidental to the principal duties. The furnishing of adequate facilities for the transaction of public business is a function of a common carrier. It may be required to establish stations at proper places. *Minneapolis & St. L. R. Co. v. State of Minnesota,* 193 U. S. 53. The duty to provide adequate facilities is not performed by supplying a minimum of service. The state may, within proper limits, require a carrier to furnish facilities for the convenience and comfort of the traveling public. *Missouri P. R. Co. v. State of Kansas,* 216 U. S. 262, 280; *Atlantic Coast Line R. Co. v. North Carolina Corporation Commission,* 206 U. S. 1. The telephone is in general use as a factor in the transaction of public business, and a statute requiring a railroad company to connect a station with a local telephone exchange for the convenience of shippers and passengers does not go beyond the incidental duties of a common carrier. *Atchison, T. & S. F. R. Co. v. State,* 23 Okla. 210. The evidence in the present case tends to show that the telephone is a necessary facility for the proper performance of respondent's duties as a common carrier. While the element of expense should be considered in determining the reasonableness of the requirement, it is not necessarily controlling. *Missouri P. R. Co. v. State of Kansas,* 216 U. S. 262; *Atlantic Coast Line R. Co. v. North Carolina Corporation Commission,* 206 U. S. 1, 26. In the case last cited it was said: "As the primal duty of a carrier is to furnish adequate facilities to the public, that duty may be compelled, although by doing so as an incident some pecuniary loss from rendering such service may result."

The statute under which the state railway commission acted is not unconstitutional. That body had jurisdiction of the subject matter and of the parties affected by the order. The statute not only gave respondent the right to be heard, but authorized an appeal to the district

court.   Laws, 1907, ch. 90, sec. 7.   The proof does not show that an appeal was taken.   Under such circumstances it will be presumed, in an action for mandamus to enforce the order, that the findings of the state railway commission were sustained by the evidence.   In resisting the application for the writ respondent has not shown that the requirement was unreasonable or confiscatory.

The conclusion is that the order is not unconstitutional as depriving respondent of its property without due process of law or as denying it the equal protection of the law.   *Missouri P. R. Co. v. State of Nebraska,* 217 U. S. 196, relied upon by respondent, is not controlling here. It was there held that an act requiring every railroad company to construct switch tracks to elevators adjacent to the right of way was unconstitutional, because it required the carrier to construct a switch at its own expense, upon demand of an elevator owner, without a preliminary hearing as to reasonableness or necessity, under a severe penalty for noncompliance with the demand.   Moreover, the supreme court of the United States indicated that the service required by the elevator statute was not incidental to the duties of a common carrier, but was a service for the benefit of a private individual or a corporation, and not for the general public.

Respondent also contends that the act now under consideration is unconstitutional because the enrolled bill was not signed by the presiding officer of the senate.   Const., art. III, sec. 11.   This question is settled adversely to respondent by former decisions.   It has been held:

"The failure of the presiding officer of the senate to sign a bill, which was afterwards approved by the governor, and which the journal of the senate shows passed the senate by the constitutional majority, does not affect the validity of the act."   *Cottrell v. State,* 9 Neb. 125; *Taylor v. Wilson,* 17 Neb. 88.

The judgment is therefore

AFFIRMED.