**GUTHRIE GAS, LIGHT, FUEL & IM-PROVEMENT CO. et al. v. BOARD OF EDUCATION OF CITY OF GUTHRIE et al.**

No. 7599—Opinion Filed May 15, 1917.

Rehearing Denied July 10, 1917.

(166 Pac. 128.)

(Syllabus by the Court.)

**1. Gas—Charges—Discrimination—Order of Corporation Commission—Validity.**

An order of the Corporation Commission requiring that natural gas be furnished to the board of education of the city of Guthrie for heating the public schools, at a rate different from and less than that charged to other consumers, is not, by reason of the discrimination in favor of the public schools alone, invalid.

**2. Same.**

The board of education and the gas company entered into a contract under which the board of education installed a system of heating by natural gas in the public schools, and the gas company furnished natural gas to the board for heating purposes at a certain rate and maintained that rate for a consid-

erable period of time. Thereafter the rate was changed to a different and higher rate at the request of the supply company from whom the local company obtained the gas, and because the rate furnished to the board of education was discriminatory as compared with rates charged to other consumers, and not because the rate granted to the board of education deprived the gas company of a just return upon its investment. Held, that the evidence showing these facts was sufficient to justify an order by the Corporation Commission requiring a rate to the board of education different from and less than that charged by the gas company, in the absence of a showing that said rate fixed by the commission, in connection with the rates charged to other consumers, deprived the gas company of a just return upon its investment.

**3. Corporation Commission—Jurisdiction—Public Utility Rates.**

By chapter 93, Laws 1913, jurisdiction is conferred upon the Corporation Commission over all public utilities with the power to fix and establish rates and prescribe rules, requirements, and regulations affecting their services and operation and the management and conduct of their business, and under the powers thus conferred the commission is vested with authority to make all valid and lawful orders prescribing rates which the state, in the exercise of its sovereign capacity, could prescribe or make.

Appeal from Corporation Commission.

Proceedings by the Board of Education of the City of Guthrie, State of Oklahoma, and others, against the Guthrie Gas, Light, Fuel & Improvement Company and another. From an order of the Corporation Commission, defendants appeal. Affirmed.

Ames, Chambers, Lowe & Richardson, for appellants.

James Hepburn, for appellees.

S. P. Freeling, Atty. Gen., and R. E. Wood, Asst. Atty. Gen., for the State.

Paul A. Walker, for the Commission.

HARDY, J. This is an appeal from an order of the Corporation Commission requiring appellants to furnish gas to the public schools of the city of Guthrie at a rate less than that furnished to other consumers. In September, 1909, the Guthrie Light, Gas, Fuel & Improvement Company and the board of education of the city of Guthrie entered into a contract under which the board of education installed a system for heating by natural gas in the schools of the city, and the gas company furnished natural gas to the public schools at 20 cents per 1,000 cubic feet upon a flat rate. On April 1, 1910, this rate was changed by the gas company to a basis of 25 cents for the first 200,000 cubic feet, 16 cents for the next 300,000 cubic feet, 11 cents for the

next 1,000,000 cubic feet, and all over 1,500-000 cubic feet at 10 cents net on a one-meter reading for all the schools. In October or November, 1911, the gas company discontinued the one-meter reading for all the schools, and substituted a one-meter reading for each school with the same sliding scale of rates. Complaint was filed by the board of education on January 23, 1914, with the Corporation Commission, asking that the gas company be required to furnish gas to the schools of the city at 20 cents flat rate per 1,000 cubic feet, and that the gas company compute the school district rates upon a one-meter basis, and that the rates generally in the city of Guthrie be readjusted. After a partial hearing the Oklahoma Natural Gas Company was made a party to the proceedings. Evidence was offered showing the amount invested by the Guthrie Gas, Light, Fuel & Improvement Company and the revenues received by it in the operation of its plant. It was also shown that the Oklahoma Natural Gas Company gathered gas in the fields and supplied it to the various towns, including Guthrie, and that the Guthrie Gas, Light, Fuel & Improvement Company was its agent in furnishing gas to the consumers in the city of Guthrie and paid it 66 2-3 per cent. of the gross revenue for all gas consumed for domestic and 75 per cent. for other purposes. No evidence was offered tending to show the investment of the Oklahoma Natural Gas Company or its total revenues. At the conclusion of the hearing the commission directed that gas should be furnished to the appellee for the use of the public schools at the rate of 20 cents per 1,000 cubic feet for the first 200,-000 cubic feet consumed by each school building separately, and for the next 300,000 feet at 16 cents net, and the next 1,000,000 feet at 11 cents net, and all in excess of 1,500,000 feet 10 cents net upon a one-meter basis for each school, and from that order this appeal is prosecuted. The order does not affect any other rates in force in the city of Guthrie at the time.

The contentions of the appellants are summed up as follows:

"That the order of the commission is an arbitrary fixing of a rate for one consumer which is discriminatory in its nature, is not justified by the evidence and is contrary to law."

And it is contended that the commission was without power to require the furnishing of gas to appellee at a rate less than that furnished to others, though a municipal corporation. It is not urged that by reason of the reduced rate appellants are unable to realize a return upon their investment equal to that which they have a right to receive.

Counsel state the question as they view it to be not a question of material injury to appellants, but one of the enforcement of a proper principle of law and a proper principle of rate regulation. The statement is made that the hearing before the commission showed the rates charged did not produce a sufficient revenue to pay the Guthrie Gas, Light, Fuel & Improvement Company a return on its investment, but the evidence upon this point is not set out in the brief of appellants. Neither do we understand that they rely upon that proposition, but we understand their contention to be that the rate is arbitrary and unlawful because of the discrimination between appellees and other consumers. Many decisions are cited from the courts and public utilities commissions of other states in which a rate that is discriminatory is held to be prohibited by the law of the state in which the decision was rendered, and others are cited wherein it is held that such rates should not be permitted upon the facts in each particular case where it is made to appear that the public utilities company by reason of such rates did not earn a reasonable return upon its investment, or because the effect of the discrimination would be to compel other consumers to pay a higher rate than otherwise would be charged to them.

At the common law, one engaged in a public calling was required to charge a reasonable and uniform price to all persons for like services where rendered under the same or similar circumstances, but special contracts were not entirely forbidden, and rates might be changed as conditions varied, and exceptions were permitted when special facts made them reasonable and just. No favoritism was allowed, but discrimination, founded upon reason and justice, was not unlawful. It is held that discriminations in favor of the public are not opposed to public policy, because they benefit the people generally by relieving them of a part of their burdens, and, in the absence of legislation prohibiting such discrimination, they cannot be said to be illegal or contrary to public policy. New York Tel. Co. v. Siegel Cooper Co., 202 N. Y. 502, 96 N. E. 109, 36 L. R. A. (N. S.) 560; Belfast v. Belfast Water Co., 115 Me. 234, 98 Atl. 738; Wilcox v. Consolidated Gas Co., 212 U. S. 19, 29 Sup. Ct. 192, 53 L. Ed. 382.

Such discriminations are not contrary to public policy in this state. By section 13 of article 9, Williams' Ann. Const., railroad corporations and transportation or transmission companies are prohibited from giving directly or indirectly any free frank, free ticket, free pass, or other free transportation for use within this state, except to certain

enumerated classes. In Oklahoma City v. Oklahoma Railway Co., 20 Okla. 1, 93 Pac. 48, 6 L. R. A. (N. S.) 651, the provisions of a franchise requiring a street railway company to carry policemen, firemen, United States mail carriers, and children under a certain age free, and school children at half fare, was held not abrogated by the above section of the Constitution. In the opinion of the court it was said:

"Nor is it against public policy for said relator to contract for a special rate for school children while traveling to and from school; for it is undoubtedly the policy of this state to support and maintain public schools. And so an undertaking for reduced fare to the end that the entire public may have the benefit of it for children whilst traveling to and from school is not violative of the spirit or the intention of section 13 of article 9 of the Constitution."

The section of the Constitution referred to only applies to the companies and corporations therein enumerated, but it is indicative of the policy of the state in reference to matters of this character. Chapter 200, Laws 1915, amending section 1, c. 152, Laws 1913, requiring gas to be furnished through standard meters in towns of over 500 inhabitants, permits same to be furnished at a flat rate to federal, state, or municipally owned buildings, institutions, or plants. This statute and the constitutional provision above are the only provisions attempting to regulate such matters in this state, and in each of these recognition is given of the policy which permits exceptions to the general rates. Like discriminations are also permitted in many of the other states. In New York Telephone Co. v. Siegel Cooper Co., supra. decided in October, 1911, it is stated that in 21 states of the Union, railroad corporations, and in some thereof all common carriers,' while prohibited from charging any person for the transportation of passengers or freight a greater sum than is charged for like services under like or similar circumstances and conditions, in all of said states certain persons or classes of patrons were expressly excepted from the operation of the statutory prohibitions and permitted to receive from the carrier free transportation or reduced rates therefor; that in 14 states the state and municipal subdivisions were excepted; in 16 ministers of religion; in 14 charitable purposes; in 6 destitute and indigent persons; in 9 inmates of hospitals, charitable institutions; and in 6 persons engaged exclusively in charitable work were likewise excepted. In that case a rate which allowed the city of New York and certain charitable organizations and regularly ordained clergymen a special discount from the general rate allowed the public for telephone service was sustained.

Where discriminations are in the interest of the public and benefit the people generally, they are usually favored by the courts. The beneficiaries thereof do not come into competition with any class of business, and no injustice is done to any one unless the discrimination increases the cost of the service to the public generally, and where the discrimination does not inure to the undue advantage of one man in consequence of some injustice imposed on another, the same is upheld where not prohibited by statute or some rule of public policy. New York Tel. Co. v. Siegel Cooper Co., supra; Superior v. Douglas Co. Tel. Co., 141 Wis. 363, 122 N. W. 1023; Belfast v. Belfast Water Co., supra; Hays v. Pennsylvania Co. (C. C.) 12 Fed. 309; U. S. v. Chicago & N. W. R. Co., 127 Fed. 785, 62 C. C. A. 465; Willcox v. Consolidated Gas Co., supra.

In Willcox v. Consolidated Gas. Co., supra, a statute of New York fixed the rate for which gas was furnished to the general public at 80 cents per 1,000 feet and for that furnished to the city of New York at 75 cents. It was contended that the statute was invalid and the rate discriminatory, but the court, upon examination of the whole evidence, declared they could not see that the price fixed for gas supplied to the city would so reduce the profits for the total of the gas supplied as to thereby render such total profits insufficient as a return upon all property used by the complainant, and that so long as the total profits received by it were enough to furnish such return, it was not important that, with relation to some consumers, the price was not enough, and held that there was no discrimination which was illegal or for which good reason could not be given.

This decision sustained the right of the state by statute to prescribe a rate which was discriminatory in favor of the city, and the Legislature of this state possesses a like power, there being no constitutional limitation in that respect. The power to fix rates generally includes the power to make all rates which are not against public policy, or deprive the utility of a just return upon its investment. The Legislature has not seen fit to exercise this power, but has by virtue of section 19, art. 9, Williams' Ann. Const., delegated that power to the Corporation Commission by chapter 93, Laws 1913, which act extends the jurisdiction of the commission over all public utilities with power to fix and establish rates and to prescribe rules, requirements, and regulations affecting their services and operation and the management

and conduct of their business; and under the powers thus conferred the commission was vested with authority to make the order if it was otherwise valid; as the power thus delegated is only limited by the terms of the act making the grant, and therein is contained no limitation upon the powers conferred. The act expressly states that the commission shall have all additional implied and incidental powers which may be proper and necessary to carry out, perform, and execute all the powers conferred, and we conclude that the authority with which the commission is vested is as full and complete as that possessed by the Legislature; and the fact that the order was made by the commission without the consent and over the objection of plaintiffs in error did not render it invalid, and the distinction which counsel seek to make between a rate voluntarily granted and one imposed by the commission cannot be sustained. The commissions of some states have held that they are not vested with power to require a rate that is discriminatory merely because the utility might be permitted to voluntarily make such rate, but these decisions, in our judgment, are not conclusive upon us. The case of Willcox v. Consolidated Gas Co., already referred to, determines the power of the state to the contrary.

It is urged that the order was made without sufficient evidence to support it. By section 22, art. 9, Williams' Const., it is provided that the action of the commission appealed from shall be regarded prima facie just, reasonable, and correct. The evidence offered was sufficient to support the finding that the rate should be re-established, and such order can only be overcome or rebutted by the facts in the record as weighed and found by this court in reviewing the order. A., T. & S. F. R. Co. v. State, 23 Okla. 210, 100 Pac. 11, 21 L. R. A. (N. S.) 908; Id. 23 Okla. 510, 101 Pac. 262; M., K. & T. R. Co. v. Witcher, 25 Okla. 586, 106 Pac. 852; M., K. & T. R. Co. v. State, 24 Okla. 331, 103 Pac. 613; United States Exp. Co. v. State, 47 Okla. 656, 150 Pac. 178; St. L. & S. F. R. Co. v. Travelers' Corp., 47 Okla. 374, 148 Pac. 166.

In L. & N. R. R. Co. v. Finn, 235 U. S. 601, 35 Sup. Ct. 146, 59 L. Ed. 379, the railroad company had voluntarily established comparatively low special rates on distillery supplies, and had maintained them for many years, after the reason for originally introducing them had ceased, viz., the encouragement of the distillery business along the carriers' lines, and had then withdrawn said rates, not upon the ground that they were inadequate, but because they gave rise to discrimination, and in so doing had introduced much higher rates, and it was contended that there was no sufficient evidence to support an order of the State Railway Commission of Kentucky re-establishing such special rates at the maximum intrastate freight rates upon such article. This contention was denied by the Supreme Court, and the evidence held sufficient to support the order of the State Railway Commission. In the present case, when it was shown that the Guthrie Gas, Light, Fuel & Improvement Company had voluntarily established said rates and maintained same for a considerable period of time, and that thereafter said rate was changed at the request of the Oklahoma Natural Gas Company and for the reason that it was discriminatory, and not upon the ground that it did not afford an adequate revenue, the evidence was sufficient to authorize the Corporation Commission to require the establishment of the rate fixed in the order, and, this evidence being sufficient to justify the order, the presumption of its reasonableness still obtains. A., T. & S. F. R. Co. v. State, 28 Okla. 476, 114 Pac. 721.

Our attention has not been directed in the briefs of counsel to such facts or evidence as would justify us in reversing the order. No consumer is finding fault therewith, and the only interest of the appellants in the question is to determine whether the rates established in connection with the other rates charged by them upon the whole are insufficient to realize a return upon the investment equal to that which under the law they are entitled to receive, and in the absence of such a showing they have no interest in the question of discrimination and no right to complain. Willcox v. Consolidated Gas Co., supra.

The order is affirmed.

All the Justices concur.