## CHICAGO, R. I. & P. RY. CO. et al. v. STATE et al.

No. 8840—Opinion Filed Oct. 9, 1917.

(168 Pac. 239.)

(Syllabus.)

**1. Railroads—Stations—Constitutional Provisions.**

By section 26, art. 9, Constitution of this state, the duty is expressly imposed upon every railroad company to provide and maintain adequate, comfortable, and clean depot buildings at its several stations for the accommodation of passengers; said depot buildings to be kept well lighted and warmed for the comfort and accommodation of the traveling public.

**2. Same — Power of Corporation Commission.**

By section 18, art. 9, Constitution, the Corporation Commission is empowered and it is made its duty to require every railroad company to perform the duty imposed upon it by section 26 of said article; the only limitation upon the action of the commission in this respect being that it shall be reasonable and just.

**3. Same—Construction of Station—Materials.**

The Corporation Commission may, where such order would be reasonable and just, prescribe the kind of material to be used in the construction of a depot to be erected by a railway company.

**4. Same—Due Process of Law—Deprivation of Property.**

The order in this case required the railway company to erect a depot at Walters to be constructed of brick. Held, under the circumstances of the case, that the order was reasonable and just, and that said order did not deprive the railway company of its property without due process of law.

Appeal from State Corporation Commission.

Proceeding by the State of Oklahoma and citizens of Walters, Okla., against the Chicago, Rock Island & Pacific Railway Company and Jacob M. Dickinson, receiver. From an order of the Corporation Commission, the Railway Company appeals. Order and judgment affirmed.

C. O. Blake and John E. Du Mars, for appellant.

S. P. Freeling, Jno. B. Harrison, Paul A. Walker, and Amil H. Japp, for appellees.

HARDY, J. This is an appeal from order No. 1171 of the Corporation Commission prescribing the kind of material to be used in the construction of a depot at Walters, by the Chicago, Rock Island & Pacific Railway Company. The depot at that place was destroyed by fire on or about April 9, 1916, since which time a box car has been used as a substitute for a depot or station building. After the fire, plans and specifications were drawn by the railway company for the construction of a depot building, which plans were satisfactory to all parties concerned except for the fact that the material prescribed was wood, whereas the citizens of Walters and the Corporation Commission were of the opinion that brick should be used in lieu of wood. Upon the failure of the railway company to proceed with the construction of the depot, complaint was filed before the Corporation Commission, and order No. 1171 was issued, from which the railway company prosecutes this appeal.

It is first urged that the order is not supported by sufficient evidence, is contrary to law, and is unreasonable, burdensome, and unjust. Under this proposition, it is argued that the commission was without power to prescribe the material of which said depot building should be constructed; that the order is not supported by the evidence, and that the property and moneys of the railway company are its private property; and that the company was better qualified than any other person to judge of its immediate demands and necessities, and that the order appealed from was an invasion of this right. The private right of owner-ship of railway property exists in connection with the right of the public to regulate the use thereof, provided such regulation is not exercised in an arbitrary and unreasonable way so as to cause it to be an infringement on the right of ownership under the guise of regulation. N. Y. & New Eng. R. Co. v. Bristol, 151 U. S. 556, 14 Sup. Ct. 437, 38 L. Ed. 269; Atl. Coast Line R. Co. v. North Carolina Corp. Comm., 206 U. S. 1, 27 Sup. Ct. 585, 51 L. Ed. 933, 11 Ann. Cas. 398; Mo. Pac. Ry. Co. v. Kan. ex rel. Taylor, 216 U. S. 262, 30 Sup. Ct. 330, 54 L. Ed. 472; State ex rel. Neb. State R. R. Comm. v. Mo. Pac. Ry. Co., 100 Neb. 700, 161 N. W. 270.

By section 26 of article 9 of the Constitution of this state, the duty is expressly enjoined upon every railway company to provide and maintain adequate, comfortable, and clean depots and depot buildings at its several stations for the accommodation of passengers, and by section 18, art. 9, the Corporation Commission is empowered and it is made the duty of the commission to require every railroad company to perform such duty, and it has been held that this delegation of power is sufficiently broad to confer upon the Corporation Commission authority to prescribe the materials to be used in a depot building ordered constructed on the line of any railroad pursuant to said section of the Constitution. St. Louis & San Francisco Ry. v. Sutton et al., 29 Okla. 553, 119 Pac. 423. On rehearing this question was re-examined and the doctrine reaffirmed and we are still convinced that the holding in that case upon this proposition is correct. M., K. & T. Ry. Co. et al. v. State, 38 Okla. 401, 133 Pac. 35.

As to whether it is reasonably necessary to construct a building of brick or other material in order for it to be adequate and meet the needs of the public as required by said section 26, art. 9, is a question of fact to be determined, in the first instance, by the Corporation Commission. St. L. & San Francisco R. Co. v. Sutton, supra. And upon appeal from an order of this character the Constitution declares that such orders shall be prima facie just, reasonable, and correct, and the Supreme Court in reviewing such an order will ascribe to the findings of the commission the strength due to the judgment of a tribunal appointed by law and informed by experience. K. C., M. & O. R. Co. v. State, 25 Okla. 715, 107 Pac. 912; St. L. & S. F. R. Co. v. Travelers' Corp. et al., 47 Okla. 374, 148 Pac. 166; U. S. Express Co. v. State et al., 47 Okla. 656, 150 Pac. 178; Guthrie Gas, Light, Fuel & Imp. Co. v. Board

of Education, 64 Okla. 157, 166 Pac. 128. In determining whether a depot building required to be erected by an order of the commission is adequate or reasonable, such fact must be determined from a consideration of the size of the place where said building is to be erected, the cost thereof, the extent of the demand for transportation, and all the other facts which would have a bearing upon the question of convenience and cost. The question as to what may be deemed adequate in any given case is not capable of exact definition. It is a relative expression and must be considered as calling for such facilities as might be fairly demanded from a consideration of the things enumerated. St. L., I. M. & S. R. Co. v. State, 28 Okla. 372, 111 Pac. 396, 114 Pac. 1096; Atl. Coast Line R. Co. v. Wharton et al., 207 U. S. 328, 28 Sup. Ct. 121, 52 L. Ed. 230.

The evidence shows that Walters is the county seat and largest town in Cotton county; that the Chicago, Rock Island & Pacific Railway Company has the only line of railroad running through this city or this section of the country; that the territory served by and tributary to Walters, and the line of railroad passing through said town, is extensive; that the town is growing, prosperous, and has indications of being much larger as the country continues to develop; that business at the time of the hearing before the commission was largely augmented due to prospecting for oil, and that development of oil and gas fields was likely to bring increased business to the railway company; that the receipts for passenger business averaged more than $1,000 per month, and freight revenue ran from $5,600 to $16,000 per month; that exclusive of express business the average revenues from freight and passenger business at this station are probably around $12,000 per month; that the depot site is situated within a short distance of the fire limits; that all buildings now being constructed for business and school purposes are brick or other noncombustible material, and that 90 per cent. of the business houses already constructed are of such material; that there are oil tanks owned by lessees of the railway company's right of way in close proximity to the station site from which there is danger of fire. The cost of the building as proposed by the railway company would be about $5,000, while to construct it of brick as required by the order would be about $10,000. The question of moving or destroying a building already erected that could by additional expense be made adequate and replacing it with one of different material at an additional expendi-

ture is not involved in this case. Considering the income from the combined passenger and freight business derived from the station, together with its present needs and prospective growth, we cannot say that the order of the commission is unreasonable, and that the presumption pertaining thereto by reason of the Constitution has been overthrown. The appellant has not the arbitrary right to name the material of which it will build its station when it appears that it would be of more benefit to the public to construct it of other material, and that at the same time the appellant's interests would be conserved by a station building erected of fireproof material, which would insure a more permanent improvement maintained at less expense. The authority of the commission to make the order is no longer an open question, and the only question which is open for our consideration is whether under the record the order appealed from was unreasonable. The burden to show this was upon the appellant, and it has not made it to so appear. St. L. & S. F. R. Co. v. Sutton et al., supra.

Neither does said order deprive appellant of its property without due process of law. The rule repeatedly announced by the Supreme Court of the United States is that though railway corporations are private corporations, as distinguished from those for municipal and governmental purposes, their uses are public, and they are therefore subject to legislative control in all respects necessary to protect the public against danger, injustice, and oppression, and that the inhibitions of the Constitution of the United States upon the impairment of the obligation of contracts or the deprivation of property without due process or of the equal protection of the laws, by the state, are not violated by the legitimate exercise of legislative power in securing the public safety, health and morals, and that such corporations are not deprived of property without due process of law by reasonable regulations of their business and the requirement of facilities to be furnished to the public when such regulation or requirement is ascertained in a mode suited to the case, and is not merely arbitrary and capricious, and that this regulation by the state as to their state business may be exerted either directly by the legislative authority or by administrative bodies endowed with power to that end, and that there is no incompatibility between the private ownership of such property and the right of regulation. N. Y. & N. E. R. Co. v. Town of Bristol, 151 U. S. 556, 14 Sup. Ct. 437, 38 L. Ed. 269; Atl. Coast Line R. Co. v. Corp. Comm. of North Carolina, 206 U.

S. 1, 27 Sup. Ct. 585, 51 L. Ed. 933, 11 Ann. Cas. 398; Mo. Pac. R. Co. v. Kansas ex rel. Taylor, 216 U. S. 262, 30 Sup. Ct. 330, 54 L. Ed. 472.

The order and judgment of the commission is affirmed.

All the Justices concur.