## OKLA. NATURAL GAS CO. v. STATE et al.

No. 9854—Opinion Filed Jan. 20, 1920.

Rehearing Denied March 30, 1920.

(Syllabus by the Court.)

**1. Gas—Rate Regulation by Corporation Commission—Discount for Insufficient Service.**

Where a gas company is required by order of the Corporation Commission to furnish an adequate supply of gas for domestic consumption and is allowed to charge the public a maximum rate which is based upon the adequacy of the service rendered as well as upon the quantity of gas furnished, and it is subsequently shown that this degree of efficiency is not sustained by the company during certain winter months, the Corporation Commission has power to make an order requiring the company to discount its bills rendered for such months a certain per cent, for the purpose of apportioning the maximum rate allowed according to the efficiency of the service rendered, as well as to the quantity of gas furnished, where it is practicable to do so; and where it appears that the discount ordered bears a fair relation to the falling off in service, such order will not be disturbed on appeal.

**2. Corporation Commission—Powers—Regulation of Public Utilities—Rates.**

By chapter 93, Session Laws 1913, jurisdiction is conferred upon the Corporation Commission over public utilities, with the power to fix and establsh rates and prescribe rules, requirements, and regulations, affecting their service and operation and the management and conduct of their business, and under the powers thus conferred, the commission is vested with authority to make all valid and lawful orders prescribing rates which the state, in the exercise of its sovereign capacity, could prescribe or make.

**3. Same—Status of Commission's Orders—Gas Service.**

Orders of the Corporation Commission prescribing the rates to be charged by a public utility, and the service to be furnished by such utility, are as much a law of the state as if enacted by the Legislature, and such public utility in furnishing natural gas is as much subject to the provisions of such orders as if they had been made an integral part of the contract between the consumer and the public utility.

**4. Same—Appeal from Orders—Scope of Review.**

In the exercise of its peculiar jurisdiction, as a legislative body, in reviewing the order of the Corporation Commission adjusting rates in accordance with the schedule of natural gas rates prescribed for adequate service, the duty of this court is marked out in the Constitution, and that is, to determine whether or not such order appealed from was reasonable, just, and correct, supported by the prima facie presumption in favor of the action of the commission that it is reasonable and just. Unless the rate established by the commission is clearly oppressive on the one hand, or confiscatory on the other, no judicial question is presented.

**5. Gas—Regulation of Rates and Service—"Failure of Service"—Due Process of Law.**

While natural gas as it comes from the wells and is put into interstate pipe lines may be a commodity of interstate commerce, the furnishing of natural gas to domestic consumers under the laws of this state and under the rules and regulations of the Corporation Commission is the rendering of a service, and the failure to transport gas with sufficient pressure to render service, notwithstanding meter readings, which the commission found indicate only volume, is a failure to render service. Volume, it appears, is only one factor in indicating service, and is not a determining factor in indicating what service was rendered or the payment which the utility should receive therefor, and failure to require payment on the basis of volume of natural gas measured at the consumer's meter is not, therefore, a failure to receive payment for service, and is not a taking of the property of the gas utility without due process of law.

Appeal from Order of Corporation Commission.

From an order of the Corporation Commission prescribing refund for natural gas service furnished by the Oklahoma Natural Gas Company and the Oklahoma Gas & Electric Company to domestic consumers in Oklahoma City, the Oklahoma Natural Gas Company appealed. Affirmed.

Ames, Chambers, Lowe & Richardson, for appellant.

S. P. Freeling, Atty. Gen., Charles B. Selby, Selby & Callahan, Henry M. Gray, Charles H. Ruth, and H. F. Tripp, for appellees.

OWEN, C. J. The issues arise from an order of the Corporation Commission directing the refund to domestic consumers in certain districts in Oklahoma City of from eight to twenty-five per cent. of the bills rendered December, 1917, and January, 1918, on account of failure to furnish adequate gas service.

It is not controverted that there was inadequate service during these times, but appellant denies the right of the Corporation Commission to require the discounting of bills below the usual amount allowed for prompt payment; the contention being that natural gas is a commodity for which the utilities are entitled to payment on a quantum basis, as shown by meter readings, and the adequacy or inadequacy of service does not enter into the payment of bills.

The only difference pointed out by appellant between this case and that of Nowata county Gas Co. v. State et al., 72 Oklahoma, 177 Pac. 618, where an order of the Corporation Commission requiring similar discounts for failure to give adequate gas service was upheld by this court, is that in the Nowata case the findings of fact of the Corporation Commission, on all matters material to the issues, were admitted by the gas company. It therefore remains to be determined only whether there are disputed material findings of fact herein which should be determined adversely to those made by the Corporation Commission.

The question is whether there is evidence in the record to support the Corporation Commission's order. Findings of fact made by the commission are by section 22, art. 9, of the Constitution, prima facie, just, reasonable, and correct. Atchison, T. & S. F. R. Co. v. State, 23 Okla. 510, 101 Pac. 262; Atchison, T. & S. F. R. Co. v. State, 23 Okla. 210, 100 Pac. 11, 21 L. R. A. (N. S.) 908; St. Louis & S. F. R. Co. v. Travelers' Corp. of Okla., 47 Okla. 374, 148 Pac. 166; Guthrie Gas, Light, Fuel & Imp. Co. v. Board of Ed., 64 Oklahoma, 166 Pac. 128; City of Pawhuska v. Pawhuska O. & G. Co., 64 Oklahoma, 166 Pac. 1058; Muskogee Gas & Elec. Co. v. State, No. 10635 (not yet officially reported).

In Nowata County Gas Co. v. State et al., supra, it was said:

"The commission found that the company did not meet the requirements of its franchise, nor comply with the orders of the commission requiring it to furnish an adequate supply of gas for domestic consumption during the months complained of, and that it does not appear from the evidence that it will be possible for it to do so in the future under similar circumstances * * *.

" 'Testimony before the commission would indicate that under ordinary conditions a reasonable amount of service can be secured from gas with a four ounce pressure or better; and the commission holds that in order to give reasonable service four ounces is the minimum pressure that a company distributing gas may furnish; that a three ounce pressure provides only 75 per cent reasonable service, a two ounce pressure only 50 per cent reasonable service and a one ounce pressure only 25 per cent reasonable service for the length of time each service is maintained. Less than one ounce pressure will not be recognized by the commission as service at all or as of being of any value to the consumer.'

"The commission further held that an equitable distribution of the losses arising from poor and inadequate service, as between the gas company and a consumer, could be arrived at by discounting the bills for service rendered each month upon the basis above indicated, i. e., that no charge shall be made for any gas furnished when the pressure is below one ounce; that between one ounce and two ounces pressure shall be considered 25 per cent efficient, and gas furnished within this range of pressure shall be charged for at 25 per cent of the maximum schedule rate; that between two ounces and three ounces pressure shall be considered 50 per cent of the maximum schedule rate; that between three and four ounces pressure shall be considered 75 per cent efficient, and gas charged for at 75 per cent of the schedule rate; that four ounces pressure or above shall be considered 100 per cent efficient, and the gas thus furnished shall be charged for at the maximum schedule rate.

"Then, after quite extended computation based upon the evidence, the commission arrived at the conclusion stated in the order hereinbefore set out.

"As we understand the order of the commission, it proceeds upon the theory that, inasmuch as the maximum compensation of the gas company is allowed upon the basis of adequate service, where the service is not kept up to this standard the rate charged the public should be graded in proportion to the falling off in efficiency. On the other hand, it seems to be the contention of the gas company that it is entitled to pay at the maximum rate for the quantity of gas furnished, regardless of the efficiency of the service rendered the public. We think the rule announced by the Corporation Commission is entirely just and reasonable, provided a practical basis for its application can be established, and we see no insuperable barrier in the way of doing this. In the case at bar, the Corporation Commission, it seems to us, have correctly solved the problem by the adoption of, what may be called, the ef-

ficiency table hereinbefore set out, and basing the proportion of the maximum rate the company may justly collect from the public upon the quality of the service rendered as well as upon the quantity of gas furnished. As it is conceded by counsel that this efficiency table and the computation of the commission based thereon is correct, we are not prepared to say, in view of the constitutional presumption to the contrary, that the conclusion reached by the commission in its order is unreasonable or unjust, or that it is unsupported by the evidence. * * *

"The third assignment of error seems to be based upon the theory that, inasmuch as the gas company was operating under a fixed maximum rate during the months complained of, the Corporation Commission was without power to in any way effect or change this rate by the order made.

"The commission, as we have seen, proceeded upon the theory that the maximum rate allowed was based upon 100 per cent. efficiency, and the reduction ordered was not for the purpose of changing the maximum rate for the efficient service, but merely for the purpose of apportioning it according to the efficiency of the service rendered, as shown by the evidence and the efficiency scale adoptd by the commission. Taking this view of the matter, we think the order is unassailable on the ground urged."

The commission in the order before us used exactly the same basis in making discounts as it did in the Nowata case, and, inasmuch as the court's decision in that case disposes of other material issues herein, it only becomes necessary to consider whether the commission's findings in this respect should be sustained, and the same, being prima face, just, reasonable, and correct, can be overcome or rebutted only by the facts in the record as weighed and found by this court in reviewing the same, with the burden upon the appellant of making it clearly appear that the order made by the commission is erroneous. Atchison, T. & S. F. R. Co. v. State, 23 Okla. 210, 100 Pac. 11. After reviewing the evidence in the record, we find no reason for rejecting the basis applied by the commission in determining adequacy of service, or for disturbing the commission's findings as to what pressure constitutes either adequate or partial service.

Appellant insists that the order of the commission is beyond its jurisdiction and deprives the utilities of their property without due process of law. Jurisdiction over gas utilities was not included in that conferred upon the commission by section 18, art. 9, Constitution, relating to transportation and transmission companies. Shawnee Gas & Elec. Co. v. Corporation Commission, 35 Okla. 454, 130 Pac. 127; City of Pawhuska v. Pawhuska O & G. Co., supra. But all the powers and duties specified in the Constitution as to transportation and transmission companies, and others in addition thereto, were conferred over gas and other public utilities by chapter 93, Sess. Laws 1913. Muskogee G. & E. Co. v. State et al., supra.

The power of the Corporation Commission to regulate rates and practices of gas utilities under this act is supreme, subject only to limitations imposed by the Legislature. Guthrie Gas, Light, Fuel & Improvement Co. v. Board of Ed., supra; City of Pawhuska v. Pawhuska O. & G. Co., supra; Muskogee G. & E. Co. v. State et al., supra.

The adjudging of the proportionate amount of the maximum rate which may be collected through failure of the utility to give adequate service, when the maximum rate is based upon adequate service, is a reasonable exercise of the jurisdiction of the Corporation Commission under this law.

General order No. 1028 of the Corporation Commission, effective since April 20, 1916 (Annual Report, Corporation Commission, 1916, p. 447; Corporation Commission Laws 1917, Ann., p. 154), reads:

"Each and every corporation, association, company, individual, their trustees, lessees, or receivers, successors or assigns (more particularly described section 1, chap. 93, Sess. Laws 1913), supplying natural gas for domestic consumption, or for the conveyance of gas by pipe line, for the production, transmission, delivery, or furnishing of heat or light with gas, or in any way, directly or indirectly, supplyng natural or artificial gas for domestic consumption, is hereby required to so construct and equip and maintain its pipe lines, mains, and distributing systems as to be able at all times to furnish an adequate supply of gas for domestic consumption, and is hereby ordered to furnish and supply at all times an adequate amount of proper quality for heating, cooking, and lighting, for domestic consumption."

This order of the commission is as much a law of the state as if enacted by the Legislature, and the utilities furnishing natural gas were as much subject to its provisions as if it had been made an integral part of the contract between consumer and the utilities.

The order of the commission cannot be said to be a taking of property without due process of law. Hearing was had before a legally constituted tribunal, and all the proceedings leading up to and including the hearing were regular and denied appellant none of the rights constituting due process of law, and appeal has been taken to a court authorized by law to review the proceedings and findings of the commission. There is no evidence in

the record to indicate that the discounts required reduce the revenues of the appellant to a point where it failed to receive an adequate return on the investment legally employed in the business of furnishing natural gas service, and if such should result from a continuance of the commission's policy the utilities are not precluded from making application to the commission for higher rates.

Since the order of the commission is merely an order adjusting rates in accordance with the schedule of rates prescribed for adequate service, this court is not called upon to determine the matter judicially. Atchison, T. & S. F. R. Co. v. State, 23 Okla. 510, 101 Pac. 262; Salt Lake City v. Utah L. & T. Co. (Utah) 173 Pac. 556. In the former case, this court, speaking by Mr. Justice Williams, said:

"In the exercise of its peculiar jurisdiction as a legislative body, in reviewing the acton of the Corporaton Commission, the duty of this court is marked out in the Constitution, and that is, to determine whether or not such order appealed from was reasonable, just, and correct, supported by the prima facie presumption in favor of the action of the commission that it is reasonable and just."

In Salt Lake City v. Utah L. & T. Co., supra, p. 563, it is said:

"The power conferred upon the Legislature is supreme respecting the regulation and establishing of rates. We may not interfere with or review any legislative act unless some judicial question is presented for review. Unless a rate established by the commission is clearly oppressive on the one hand or confiscatory on the other, no judicial question is presented. So far, therefore, as the questions are judicial the Utilities Act has conferred power upon this court, and in so far as the acts of the commission are properly administrative, or in their nature legislative, the power has been wisely and properly withheld from us. Whether there is any substantial evidence to support any findings of fact that the commission may make is a judicial question, and may be determined by this court."

In Newark Nat. Gas & Fuel Co. v. City of Newark, 242 U. S. 405, 61 Law Ed. 393, it was held:

"The property of a gas-distributing company cannot be said to have been taken without due process of law, contrary to U. S. Const., 14th Amend., by a decree which enforced, without prejudice to the right to apply thereafter for a modification, a municipal ordinance fixing gas rates for five years, where there was no claim that the company could not operate profitably under such ordinance so long as its contract with a producing gas company, under which the latter was to furnish gas to the former upon the basis of a percentage of meter readings, which had two or three years to run when the suit was commenced, remained in force, and no evidence was offered to show the rate paid by the distributing to the producing company after the expiration of such contract."

Appellant contends that natural gas is a commodity (West v. Kansas Nat. Gas Co., 221 U. S. 229, 55 L. Ed. 716), and that the formula worked out by the commission for discounting bills denied the utilities pay for a portion of the commodity furnshed. While, as a matter of fact, the product of natural gas as it comes from the wells and is put into interstate pipe lines may be a commodity of interstate commerce, the furnishing of natural gas to domestic consumers under the laws of the state of Oklahoma and the rules and regulations of the Corporation Commission, is the rendering of a service, and the failure to transport gas with sufficient pressure to render service, notwithstanding meter readings which the commission found indicate only volume, is a failure to render service. Volume of natural gas, it appears, is only one factor in indicating service, and is not the determining factor in indicating what service was rendered or the pay which the utility should receive therefor, and failure to receive payment on the basis of volume measured at the consumers' meters is not, therefore, a failure to receive payment for service, and is not a taking of the property of the gas utility without due process of law.

For the reasons stated, the order of the Corporation Commission is affirmed.

KANE, RAINEY, JOHNSON, and McNEILL, JJ., concur.