## CENTRAL STATES POWER & LIGHT CORP. v. THOMPSON et al.

No. 24382. June 9, 1936.

Rehearing Denied June 23, 1936.

Poe, Lundy & Morgan, for plaintiffs in error.

Thos. A. Higgins, for defendants in error.

PER CURIAM. This is an appeal from the district court of Payne county. The action is one in assumpsit instituted by the defendants in error, hereinafter called plaintiffs, against the plaintiff in error, hereinafter called defendant, to recover the amount of certain payments on account of gas sold by the defendant to the plaintiffs, which gas was paid for at the domestic rate instead of the industrial rate and which excess plaintiffs claim was unlawfully and improperly exacted from them.

In their petition plaintiffs allege that the defendant was engaged in the sale and distribution of natural gas in the city of Stillwater, Ok'a.; that the plaintiffs were engaged in operating a cleaning and pressing plant in said city; that said business was wholly industrial and not domestic; that they used gas in the conducting and operation of said business and purchased said gas from defendant; that during a period of three years prior to the institution of said action the defendant had compelled p'aintiffs to pay the domestic rate for said gas; that they were entitled to the industrial rate as promulgated by order of the Corporation Commission of the state of Oklahoma; that they did not learn of their rights in the matter until shortly prior to bringing this action; that a'l payments made by them had been made from necessity and under compulsion in that otherwise their gas would have been disconnected. Demurrer of defendant was filed and overruled. Defendant then answered, wherein, after general denial, it al'eged that it had furnished natural gas to the residents of Stillwater between August, 1928, and June 19, 1931, and no later; that such service was performed under rates fixed by the Corporation Commission; that pressing and c'eaning establishments had not been classified as industrial enterprises and had not been served at industrial rates; that the court was without jurisdiction of the action and that exclusive jurisdiction rested in the Corporation Commission, both to interpret its orders and to determine the rate which plaintiffs were entitled to pay; that the Corporation Commission had not established any other or different rates then those under which it had proceeded. A reply was a general denial At the conclusion of the evidence, and after both sides had rested, the trial court, upon motion of plaintiffs, directed a verdict in their favor for $373.10 and $22 interest.

The evidence introduced was brief and consisted chiefly of a copy of the order of the Corporation Commission made December 18, 1926, establishing domestic and industrial rates for the furnishing of gas in the city of Stillwater; a portion of ordinance No. 360 of said city relative to operation of gas companies and providing that service of any patrons might be disconnected under certain circumstances, and testimony of the parties as to the nature of p'aintiffs' business, the size and extent thereof, the necessity for the use of gas in connection therewith, and the payment by plaintiffs of domestic rate. The defendant offered to prove the absence of any demand by the plaintiffs for the industrial rate prior to bringing this suit, but such offer was excluded by the court. There was likewise an offer (which was excluded by the court) to show that no other cleaning or pressing plant in Sti'lwater had sought or been granted the industrial rate.

Defendant assigns eleven specifications of error in this court. These are discussed under two propositions. First, did the trial court have jurisdiction to pass upon and determine the controversy between the parties? Second, if so, then were the payments made by plaintiffs voluntarily made and hence such as could not be recovered?

It is the contention of the defendant that, since the order of the Corporation Commission estab'ishing the industrial rate in the city of Stillwater provided:

"For industrial consumption, including cotton gins, A. & M. College, Light Plant, laundries and like consumers as now served at industrial. rate, 20% per M. cu. Ft."

—the failure to include therein eo nomine cleaning and pressing establishments automatically exc'uded them from the benefits of such rate, but that in any event, whether this was true or not, the Corporation Commission had exclusive jurisdiction in the premises and that plaintiffs were required to apply to the Corporation Commission to either interpret its prior order or to designate the class in which their business fell, and in support of this contention we are cited to section 2, chap. 93. S. L. 1913; Guthrie Gas, Light, Fuel & Imp. Co. v. Bd. of Education of Guthrie, 64 Okla. 157, 166 P. 128; Chicago, R. I. & P. Ry. Co. v. State, 67 Okla. 10. 168 P. 239; Muskogee Gas & Electric Co. v. State, 81 Okla. 176, 186 P.

312

730; Oklahoma Natural Gas Co. v. State, 78 Okla. 5, 188 P. 338; Oklahoma Natural Gas Co. v. State, 110 Okla. 297, 236 P. 893; Oklahoma Natural Gas Co. v. Corporation Commission, 111 Okla. 6. 237 P. 838; Eagle-Picher Lead Co. v. Henryetta Gas Co., 112 Okla. 65, 239 P. 890; Consumers Light & Power Co. v. Phipps, 120 Okla. 223, 251 P. 63; Northern Pacific Railway Co. v. Solum, 247 U. S. 477, 62 L. Ed. 1221; as well as numerous other decisions of the Supreme Court of the United States and intermediate federal courts. With the general rule of law announced in the above cases we are in full accord, but in our view they have no application to the facts presented by the record now before us. The Corporation Commission had established the rates to be charged for domestic and industrial services by the defendant. This is conceded by all the parties. The difference between the parties was whether plaintiffs were domestic or industrial consumers. This was not a matter of public concern, but purely a matter of dispute between the plaintiffs and the defendant which involved them alone, it being possible that in one instance a cleaning and pressing plant might employ gas solely for heating and other domestic purposes, whereas another plant of the same general nature across the street might employ gas for wholly industrial purposes. The proof of the plaintiff established the fact conclusively that their use of gas was wholly industrial. It is not necessary that an order of the Corporation Commission establishing rates enumerate every possible business that might come thereunder in order to enable any business falling within a general class to claim the benefits of the rates provided for that class. See Henderson v. Shreveport Gas, Electric Light & Power Co., 134 La. 39, 63 So. 616, 51 L. R. A. (N. S,) 448. Under these circumstances we are of the opinion that the case falls rather within the rule announced in Smith v. Corporation Commission, 101 Okla. 254, 225 P. 708, and Chicago, R. I. & P. Ry. Co. v. State, 158 Okla. 57, 12 P. (2d) 494. In the last-mentioned case, after quoting from the former, we said:

"In the above decision this court held that the Corporation Commission had jurisdiction as to all matters where the public and the utility were involved, that the Corporation Commission had no power or jurisdiction to adjudicate differences which are purely private between a utility and a citizen. The line of demarcation being that so long as the matter in controversy is one that affects the public, then the Corporation Commission would have jurisdiction to consider the same, but where said matter

in controversy is a private matter merely between the company and the individual, then the same becomes a private matter between the corporation and the individual, and not a public concern and not being of public concern, the Corporation Commission does not acquire jurisdiction thereof."

Consequently, under the facts in the case at bar, we hold that the district court had jurisdiction both of the parties and subject-matter of this action.

This brings us to the next question, which is whether the payments made by plaintiffs were voluntarily made and hence not recoverable.

As we have said in La. Realty Co. v. McAlester, 25 Okla. 726, 108 P. 391:

"Every man is supposed to know the law, and, if he voluntarily makes a payment which the law would not compel him to make, he cannot afterwards assign his ignorance of the law as a reason why the state should furnish him with legal remedies to recover it back."

And as we said again in American Surety Co. of New York v. Steen, 86 Okla. 252, 208 P. 212:

"Money voluntarily paid, with full knowledge of facts under which it was demanded, cannot be recovered back upon the ground that payment was made under a misapprehension of the legal rights and obligations of the party paying."

Plaintiffs urge that the payments made by them were not voluntary, but were made under compulsion, for the reason that unless so made their gas would have been cut off and that they would have been compelled to incur great expense and inconvenience in changing to a different fuel and source of power. There was no evidence to substantiate this claim other than the ordinance of the city of Stillwater, which authorized the gas company to disconnect service when its charges were not paid and the testimony of the plaintiffs that they apprehended they would be deprived of gas if they refused to pay the domestic rate. This was not sufficient, for, as we have previously pointed out, one cleaning and pressing plant may be a domestic consumer of gas, whereas another may be entirely an industrial consumer, and the rate to which each would be entitled would be governed by the facts of their respective situations. The plaintiffs were billed as domestic consumers and paid the rate required of such class without objection for several years and until shortly prior to the institution of this action. Under these circumstances there was no compulsion in any proper

sense. In order to recover money alleged to have been paid under compulsion, there must exist conditions which make it necessary for the party paying to submit to the unreasonable and unjust demand, or the exaction must be in violation of express law. Little v. Bowers, 134 U. S. 547, 10 Sup. Ct. 620, 33 L. Ed. 1016; Chesebrough v. U. S., 192 U. S. 253, 24 Sup. Ct. 262, 48 L. Ed. 432. There existed here no violation of express law as existed in Pioneer Telephone & Telegraph Co v. State, 40 Okla. 417, 138 P. 1033. Since the defendant was authorized to charge the domestic rate or the industrial rate as the facts of the situation might warrant, and since a cleaning and pressing establishment eo nomine was not entitled to take the industrial rate as a matter of law, it then became the duty of the plaintiffs, if they desired to obtain the benefit of industrial rate, to so inform the defendant and to advise it of the facts ·which placed their business within the industrial classification; until this was done the defendant could lawfully treat the plaintiffs as being within the domestic classification and charge the rate applicable to such class. The order of the Corporation Commission establishing the respective rates was a matter of record open to the general public, including the plaintiffs, and they were bound to take knowledge thereof, and any payments made by them were made presumptively in the light thereof. The allegation of the plaintiffs' petition that they did not learn of the difference in rates until just prior to the institution of this action can avail them nothing, for the reasons stated in American Surety Co. of N. Y. v. Steen, supra. A careful examination of the petition and the evidence of the plaintiff in this case convinces us that the averments of the petition and the evidence fail to take the case out of the class of voluntary payments for which no recovery can be had.

We have given careful consideration to the able argument of counsel for plaintiffs and the authorities cited in support of their contention thereunder, but we are convinced that they are not applicable to the situation here presented. The trial court, in our opinion, erred in directing verdict for the plaintiffs and should have directed a verdict for the defendant. The action of the trial court will therefore be reversed, with directions to enter judgment for the defendant.

OSBORN, V. C. J., and RILEY, BUSBY, WELCH, CORN, and GIBSON,, JJ., concur. McNEILL, C. J., and BAYLESS and PHELPS, JJ., absent.