## JAMES et al. v. OKLAHOMA NATURAL GAS CO.

No. 26740.    Oct. 12, 1937.

Suits & Disney, for plaintiffs in error.

Underwood, Canterbury, Pinson & Lupardus, for defendant in error.

DAVISON, J. The parties to this action will be referred to as they appeared in the trial court.

The plaintiffs, on March 12, 1935, filed their petition in the district court of Oklahoma county, alleging, substantially, the following facts: That they were copartners engaged in leasing and operating the Black Hotel and restaurant in connection therewith, in the city of Oklahoma City; that defendant is a public utility, a public service corporation engaged in the production, transportation, distribution, and sale of natural gas; that between April 1, 1931, and February 28, 1935, the plaintiffs in error purchased gas from the defendant in error. Plaintiffs in error set forth in detail the amount of gas consumed by them during that period of time, and the rates charged

therefor by the defendant in error. They complain that they were entitled to be classified as an industrial consumer and to be charged the rate provided for industrial consumers instead of a higher rate charged for "commercial office buildings and similar heating installations using more than 100,-000 cubic feet per month." That by reason of the fact that the defendant in error charged them the rate for consumers of the latter classification instead of the rate charged for industrial consumers, said complainants were damaged to the extent of such excess rate and entitled to treble damages, including interest and a reasonable attorney's fee. To said petition the defendant filed a demurrer upon the ground that the petition fails to state facts sufficient to constitute a cause of action in favor of the plaintiffs and against the defendant, and upon the further ground that the petition discloses on its face that the court has no jurisdiction over the subject matter of the action, and upon other grounds unnecessary here to mention. On the 7th day of June, 1935, the honorable trial court sustained said demurrer and rendered judgment for the defendant accordingly. From this judgment the plaintiffs appeal.

This action was brought under chapter 68, art. 1, O. S. 1931. Of this article, sections 12795, 12797, 12805, and 12812, concerning discrimination, are pertinent to a consideration of this cause. Plaintiffs predicate their entire argument on the propositions that the acts alleged in their petition constitute unlawful or unfair discrimination under section 12805, and that by the authority of said section, the trial court had jurisdiction to grant the relief prayed for. In addition to the contention that their acts, as alleged in plaintiffs' petition, do not constitute unlawful discrimination, the defendant also argues that plaintiffs' petition fails to allege that the acts complained of are such, or the nature of their business is such, as to give plaintiffs a cause of action under said section.

1. The question of the jurisdiction of the subject matter of this action has already been settled by our decision in the case of Central States Power & Light Corporation v. Thompson, 177 Okla. 310, 58 P. (2d) 868. There the petition also alleged that the defendant had charged the plaintiff the rate of a classification of consumers different from the one within which it should have been classed, and in general set forth the same complaint as the petition in the present case. There we held that the controversy,

being a matter of purely private concern, was within the jurisdiction of the courts.

2. The next question to be decided here is whether plaintiffs' petition states a cause of action against the defendant for unfair or unlawful discrimination under article 1 of chapter 68, O. S. 1931, entitling plaintiffs to treble damages.

The sixth and ninth paragraphs of plaintiffs' petition, setting forth the defendant's alleged wrongful act upon which this action is based, are as follows:

"That the defendant has arbitrarily and in violation of law classified the consumers of gas in Oklahoma City without regard to the amount of gas consumed or the kind of business in which the consumer is engaged, thereby willfully, unlawfully, and wrongfully discriminating against these plaintiffs by requiring said plaintiffs to pay more for their gas used and consumed than is charged other and similar business institutions using like quantities of gas. * * *

"That by reason of the willful, wrongful and unlawful discrimination against this plaintiff by defendant, and the charging of greater rates for gas delivered and consumed than the defendant charged other persons, firms, and corporations to whom gas was delivered and consumed in like quantities and under similar conditions, plaintiffs are entitled to recover threefold the damage sustained, thereby entitling the plaintiffs to recover the sum of $2,959.32."

While we do not say that the alleged acts of the defendant could not constitute discrimination, the allegations of plaintiffs' petition are insufficient to state a cause of action for "unlawful" or "unfair" discrimination against the defendant under any of the sections of article 1, chapter 68.

If plaintiffs brought this action under section 12797, obviously, from the wording of this statute, they must allege certain discriminatory acts set forth therein which produce the effect or show an intent "to establish and maintain a virtual monopoly hindering competition, or restriction of trade." No discrimination as contemplated by this section is set forth in their petition.

If, as plaintiffs contend, their complaint is brought under section 12805, supra, it may readily be seen that their petition must set forth, in substance, one of the following situations: First, that the defendant's business, "by reason of its nature, extent, or the existence of a virtual monopoly therein, is such that the public must use the same, or its services"; or, second, that the defendant's "services, or the consideration by it given or

taken or offered, or the commodities bought or sold therein are offered or taken by purchase or sale in such a manner as to make it of public consequence, or to affect the community at large as to supply, demand or price or rate thereof"; or, third, that "said business is conducted in violation of the first sections of this article."

A reading of plaintiffs' petition discloses that it fails to allege facts sufficient to show that the public must use the defendant's business or that the defendant's alleged wrongful acts affect the community at large or that its business is conducted in violation of section 12790, supra. The only remaining part of said section left for consideration, then, is that placed in the second subdivision named above, and as we have noted, it has already been decided in Central States Power & Light Corporation v. Thompson, supra, that a controversy such as is indicated by a petition almost identical with the one here is a matter of "purely private concern" and the manner of sale complained of is not such as to make it of "public consequence."

If plaintiffs were complaining of unfair discrimination as defined by section 12812, supra, they would have to base their allegations of discrimination upon the ground that same destroys competition. Plaintiffs, of course, make no complaint that the defendant's classification of their business for the purpose of arriving at the rate charged. hinders competition from others who would furnish them with gas.

Finding that the demurrer to plaintiffs' petition should have been sustained for the reasons herein given, the judgment of the trial court is hereby affirmed.

. OSBORN, C. J., BAYLESS, V. C. J., and PHELPS, CORN, GIBSON, and HURST, JJ., concur. RILEY and WELCH, JJ., absent.