**PIONEER TEL. & TEL. CO. v. STATE, MOORE, et al.**

No. 8467—Opinion Filed Jan. 20, 1920.

Rehearing Denied March 9, 1920; Application for Rehearing Denied April 6, 1920.

(Syllabus by the Court.)

**1. Telegraphs and Telephones—Regulation —Connecting Telephone Lines.**

The provision of section 5, art. 9, of the Constitution, requiring all telephone lines, operated for hire, each respectively, to receive and transmit each other's messages without delay or discrimination, and to make physical connections with each other's lines, is mandatory; the purpose being to establish and maintain means for a continuous transmission of messages, for the benefit and convenience of the public.

**2. Same—Physical Connections—Powers of Corporation Commission.**

The Corporation Commission has authority to require two telephone companies to establish a physical connection between their exchanges and toll lines, so as to permit a continuous transmission of messages, for the benefit and convenience of the public, and under rules and regulations which are fair and which do not work a detriment to either company, or a discrimination against the subscribers of either company.

Appeal from Order of Corporation Commission.

From an order requiring the Pioneer Telephone & Telegraph Company and Farmers' Mutual Telephone Company to make physical connection of their lines and exchanges for long-distance service in the town of Weatherford, the Pioneer Company appeals. Order modified and affirmed.

S. H. Harris, Claude Nowlin, and J. R. Spielman, for plaintiff in error.

S. P. Freeling, Atty. Gen., John B. Harrison, Asst. Atty. Gen., and Paul A. Walker, of Counsel for Corporation Commission, for defendant in error.

OWEN, C. J. This action was begun by John A. Simpson and others, of Weatherford, Oklahoma, who allege, in substance, that citizens of Weatherford are compelled to keep two telephones in their residences and places of business, and those citizens residing in the country cannot talk over the long-distance lines, because there is no physical connection between the lines and exchanges of the Pioneer Telephone Company and the Farmers' Mutual Telephone Company in the town of Weatherford.

It appears from the findings of the commission that the Pioneer Telephone & Telegraph Company and the Farmers' Mutual Telephone Company each maintain a telephone exchange in the town of Weatherford; that both companies are operated for hire, and that the subscribers to the Farmers' Mutual Company cannot use the long-distance facilities of the Pioneer Telephone & Telegraph Company for the reason there is no physical connection between the two lines; that the public convenience and necessities would be benefited by such physical connection. Under section 5, art. 9, of the Constitution, a physical connection is mandatory, the only limitation being that the rules and regulations prescribed by the commission as to such operation shall be reasonable and just. Pioneer Telephone & Telegraph Company v. State and Darnell, 71 Oklahoma, 177 Pac. 580; Pioneer Telegraph & Telephone Co. v. State, 38 Okla. 554, 134 Pac. 398.

This order provides, among other things, that the Mutual Telephone Company shall pay the cost of making the physical connection and shall guarantee to collect and pay to the Pioneer Company the toll charges originated on its lines; shall give prompt service to its patrons desiring long-distance connection with the Pioneer Company. This, in view of all the circumstances as disclosed by the evidence, seems a reasonable and just provision, the only addition necessary being a provision for service to the subscribers of the Pioneer Company, and to cover which the order should be so modified as to provide that the Farmers' Mutual Telephone Company shall give prompt service and connection to the patrons and subscribers of the Pioneer Telephone & Telegraph Company, and those having connection with these lines who desire long-distance connection with the patrons and subscribers of said Farmers' Mutual Telephone Company.

The order as thus modified will be reasonable and just, and is, therefore, affirmed.

KANE, RAINEY, JOHNSON, and McNEILL, JJ., concur.