**SMITH et al. v. CORPORATION COMMISSION et al.**

No. 14578—Opinion Filed April 1, 1924.

Rehearing Denied April 22, 1924.

(Syllabus.)

1. **Corporation Commission — Scope of Powers.**

The Corporation Commission, as created by art. 9 of the Constitution, is a body with, so far as the regulation of public service corporations is concerned, executive, judicial, and legislative powers, but those powers are limited, and it has such jurisdiction and authority only as is expressly or by necessary

implication conferred upon it by the Constitution and statutes.

## 2. Same—Private Controversies.

The jurisdiction of the Corporation Commission is limited to those controversies wherein the rights of a public utility and the patrons thereof are involved. It has no power or jurisdiction to adjudicate differences between private litigants; or purely private matters between a utility and a citizen.

## 3. Same—Liens and Attorney Fees.

The Corporation Commission is without jurisdiction to fix or decree a lien upon funds in its hands belonging to patrons of a public utility, or to fix the amount of an attorney's fee that should be paid by such patrons, or the utility, or to determine controversies between attorney and client.

Appeal from Corporation Commission.

Appeal from an order of the Corporation Commission fixing attorney's fees, and directing the payment thereof from funds in its hands belonging to various gas consumers. Order of the Corporation Commission reversed, and cause remanded, with directions.

Campbell Russell, for plaintiffs in error.

Selby & Callahan and Charles H. Ruth, for defendants in error.

NICHOLSON, J. The controversy here presented arises from an order of the Corporation Commission allowing Charles H. Ruth, Charles B. Selby, of the firm of Selby & Callahan, and H. F. Tripp an attorneys' fee, and directing the payment thereof out of funds collected by the Corporation Commission from the Oklahoma Gas & Electric Company, and the Oklahoma Natural Gas Company, as refunds due various gas consumers in Oklahoma City.

It appears that during the months of December, 1917, and January, 1918, the Oklahoma Gas & Electric Company, a public utility, distributing natural gas in Oklahoma City, failed to maintain a sufficient pressure in its distributing lines to render adequate and efficient gas service as required by the order of the Corporation Commission with respect to the rendition of such a service. Complaint was filed with the Corporation Commission by Charles H. Ruth and others, T. F. Donnell and others, and Charles B. Selby, county attorney, and others, all setting forth the failure of the public utility to maintain the pressure necessary to produce adequate and efficient service, and asking that relief be granted as against the Oklahoma Gas & Electric Company, the distributing company, and the Oklahoma Natural Gas Company, the producing and transporting company. Upon a hearing had, the commission made an order requiring the company to refund to the patrons of the Oklahoma Gas & Electric Company in Oklahoma City certain percentages of the gas bills covering the period of bad service. From this order the Oklahoma Natural Gas Company appealed to this court, where the order of the commission was affirmed (Oklahoma Natural Gas Co. v. State, 78 Okla. 5, 188 Pac. 338), and from the judgment of this court, the company appealed to the Supreme Court of the United States, and the judgment of this court was there affirmed. Afterwards, the Oklahoma Natural Gas Company and the Oklahoma Gas & Electric Company paid to the commission the amount of such refunds, aggregating the sum of $23,755.62. Prior to the payment of this money by the utilities, Charles H. Ruth and Selby and Callahan delivered to them notice that they claimed an attorneys' lien upon any money or judgment recovered in said cause to the amount of 25 per cent. of all rebates awarded to any gas consumers of the city of Oklahoma City, and such notice was also filed in the office of the clerk of this court. Afterwards this proceeding was instituted before the commission to enforce such lien. Upon a hearing had, the Corporation Commission made its order fixing the fee of said attorneys at 10 per cent. of the amount of such refunds, and ordered that upon the failure of said attorneys to agree upon the division of the sum allowed within 10 days, the commission would make such order, with respect to the division of such fee, as might in its judgment be just, reasonable, and proper. From this order James A. Smith and other gas consumers have appealed.

The jurisdiction of the Corporation Commission to make the order complained of is challenged, and this calls for a determination of the powers conferred on the commission by the Constitution and statutes.

By section 18, art. 9, of the Constitution, the commission is vested with the power and authority, and charged with the duty of supervising, regulating, and controlling transportation and transmission companies doing business in the state in any manner relating to the performance of their public duties and their charges therefor, and of correcting abuses and preventing unjust discrimination and exhortation by such companies.

By section 19 of art. 9 of the Constitution, it is provided that in all matters pertaining to the public visitation, regulation, and control of corporations, and within the jurisdiction of the commission, it is vested with the powers of a court of record to administer oaths, to compel the attendance of witnesses and the production of papers, to punish for contempt any person guilty of dis-

respectful or disorderly conduct in the presence of the commission while in session, and to enforce compliance with any of its lawful orders or requirements, by enforcing its own appropriate process, against the delinquent or offending party or company. And by said section it is further provided that the commission may be vested with such additional powers and charged with such other duties (not inconsistent with the Constitution) as may be prescribed by law in connection with the visitation, regulation, or control of corporations or with the prescribing and enforcing of rates and charges to be observed in the conduct of its business where the state has the right to prescribe the rates and charges in connection therewith, or with the assessment of the property of the corporation, or the appraisement of their franchises for taxation, or with the investigation of the subject of taxation generally.

By the aforesaid constitutional provision, the commission was vested with the power and charged with the duty of supervising, regulating, and controlling transportation and transmission companies only. But under the powers conferred by section 19, art. 9, supra, the Legislature by chapter 93, Sess. Laws 1913 (section 3463, Comp. Stat. 1921), extended the jurisdiction of the commission to all public utilities defined by the act.

By chapter 10, Sess. Laws 1913, which appears as sections 3470, 3471, 3472, 3473, and 3474, Comp. Stat. 1921, the commission is vested with the powers of a court of record to determine the amount of refund in all cases where any public service corporation, person, or firm, as defined by the Constitution, charges an amount for any service rendered in excess of the lawful rate in force at the time such charge was made or that may thereafter be declared to be the legal rate which should have been applied to the service rendered and to whom the overcharge should be paid.

In Pioneer Telephone & Telegraph Co. v. State, 40 Okla. 417, 138 Pac. 1033, it was held that the aforesaid act was not repugnant to section 46-o of art. 5 of the Constitution of the state, and that the Corporation Commission had jurisdiction to entertain an action instituted in the name of the state, through the law officer designated by law, to appear before said commission, to recover from a transportation company the refund of excess charges which were collected by it in violation of the rates fixed by said commission, and it was there said that "the Corporation Commission as created by art. 9 is a body with, so far as the regulation of public service corporation is concerned, executive, judicial, and legislative powers."

While the Corporation Commission is vested with certain executive, judicial, and legislative powers, these powers are limited, and it has such jurisdiction and authority only as it expressly or by necessary implication conferred upon it by the Constitution and statutes. Atchison, T. & S. F. Ry. Co. v. Corporation Commission, 68 Okla. 1, 170 Pac. 1156; Oklahoma City et al. v. Corporation Commission, 80 Okla. 194, 195 Pac. 498.

It has jurisdiction to supervise, regulate, and control public utilities, in so far as their public duties are concerned, and to establish rates to be charged by them for a public service, and if rates in excess of those established are collected, it has the authority to adjust controversies between the utility and the consumer by determining the amount of refund due the consumer, and to whom the same should be paid, and it may enforce the payment of such overcharge in the same manner that fines and penalties imposed by it are authorized to be collected by law, and when such overcharge is collected, it shall be by the commission paid to the parties to whom it is due. Its jurisdiction is limited to those controversies wherein the rights of a public utility and the patrons thereof are involved. It has no power or jurisdiction to adjudicate differences between private litigants or purely private matters between a utility and a citizen. It may make such orders as are necessary to prevent unjust discrimination or extortion by a utility, and it may correct abuses by requiring the utility to refund to the patron such sum as has been collected in excess of the rate established for the service rendered, but it has not the power to fix or decree a lien upon the funds in its hands belonging to the patrons, or to fix the amount of an attorney's fee that should be paid by them or the utility, or to determine controversies between attorney and client.

The controversy presented in this case is not between a utility and the public, but is between Ruth, Tripp, Selby and Callahan and certain patrons of the utility. It is not such a proceeding as falls within the jurisdiction of the commission either within the letter or spirit of the Constitution and statutes.

If the commission has the power to determine the controversy between these attorneys and the patrons of the utility, it would have the power to determine any controversy that might arise between the utility and its attorneys pertaining to attorney's fees in the original case. Clearly, no such power has been lodged in the com-

mission either expressly or by necessary implication.

Having determined that the commission was without jurisdiction to make the order complained of, it becomes unnecessary to consider the other questions presented.

The order of the Corporation Commission is reversed, with directions to dismiss complainants' petition.

JOHNSON, C. J., and COCHRAN, HARRISON, LYDICK, and WARREN, JJ., concur.