## WAGONER GAS CO. v. STATE et al.

No. 20819. Opinion Filed June 20, 1933.

Withdrawn, Corrected, and Refiled
July 5, 1933.

G. E. Garner and John W. Porter. for appellant.

E. S. Ratliff and Allen, Underwood & Canterbury, for appellees.

RILEY, C. J. This cause is on appeal from order 4827, Corporation Commission. The Oklahoma Natural Gas Corporation, a public utility, is engaged in furnishing natural gas to the Wagoner Gas Company, a public utility. The latter company receives the gas at the gates of the city of Wagoner at a rate of 35c per M. cu. ft. and distributes it for domestic consumption at a rate of 68c per M. cu. ft. (Domestic rates for similar service in the same part of the state is alleged to be much lower, and in the sum of 50c per M. cu. ft.)

In cause No. 8959, the Wagoner Gas Company sought to secure gas from other sources, and at a lower rate for the avowed purpose of reducing cost to consumers, but on the 21st day of March, 1929, the Corporation Commission found that the proposed other sources of supply were not adequate, and that the Corporation Commission was powerless to require the Oklahoma Natural Gas Corporation to render standby service as an auxiliary for a quantity of gas available elsewhere, and the Wagoner Gas Company was prohibited from procuring any additional supply of gas "which would result in the loss of its connection with the gas lines of the Oklahoma Natural Gas Corporation." There was no appeal from said order No. 8959

It is difficult for this court to understand why the Commission is without power to order natural gas furnished in part when it is within its power to order such gas furnished in whole. However, that question is not now before this court, since there was no appeal from that order.

On the 20th day of July, 1929, the Oklahoma Natural Gas Corporation filed with the Corporation Commission its application for a judgment or order of the Commission to require the Wagoner Gas Company to pay to it the sum of $10,121.30 and interest at the rate of 6 per cent. per annum for natural gas furnished the latter company for the months of April, May, June, July, August, and to and including the 18th day of September, 1929. An alternative relief sought was the discontinuance of service.

The city of Wagoner intervened to seek a lower rate and an adequate supply of natural gas to the consumers, residents of said city.

The Wagoner Gas Company pleaded that the Commission lacked jurisdiction to determine the cause, for a specific recovery of money arising by claim on open account, sought to be stated by the Oklahoma Natural Gas Corporation; that the distributing company was possessed of a counterclaim and set-off which would necessarily be settled by the civil courts; that an adequate supply of gas was available from its own supply and that of the Cherokee Public Service Company, with whom it held a contract for that purpose, for distribution of gas to the citizens of Wagoner; that a discontinuance of service with the Oklahoma Gas Corporation ought to be allowed.

The Commission found that appellant was indebted to the Oklahoma Natural Gas Corporation in the sum of $10,021.30 for natural gas furnished from April to September 18, 1929, inclusive, together with interest at the rate of 6 per cent. per annum, on the monthly items, and ordered payment therefor. Suspension of service was denied. The Wagoner Gas Company appeals.

The Corporation Commission is created by the Constitution of this state. section 15, art. 9. It is possessed only of powers granted to it by the Constitution and statutes existing within permissive authority of the Constitution. By section 18, art. 9, Constitution, supervision, regulation, and control of transportation and transmission companies doing business within this state was vested in the Commission. limited, however, to

**160**

"matters relating to the performance of their public duties and their charges therefor, and the correction of abuses, prevention of unjust discrimination and extortion by such companies.

To that end, the Corporation Commission was empowered to prescribe and enforce, alter and amend, in a manner by the Constitution authorized, rates, charges, classifications of traffic, rules and regulations. The Commission was empowered to require the establishment of public service facilities and conveniences, as were reasonable and just.

By section 18, of art. 9, Constitution, the right of inspection and the right to require reports under oath from transportation and transmission companies doing business within this state was given the Commission. By section 18, Id., notice as a condition precedent to the fixing of rates, charges, or classification, or rule regulation, of such company was required.

By section 19, Id., it was provided that:

"* * * The Commission may be vested with such additional powers, and charged with such other duties (not inconsistent with this Constitution) as may be prescribed by law, in connection with the visitation, regulation or control of corporations, or with the prescribing and enforcing of rates and charges to be observed in the conduct of any business **where the state has the right to prescribe the rates and charges in connection therewith,** or with the assessment of the property of corporations, or the appraisement of their franchises, for taxation, or with the investigation of the subject of taxation generally."

By section 28, Id., the Commission was granted the right of inspection of books and papers, and the right of examination under oath of officer or employee of railroad companies or other public service corporations.

By section 34, Id., the term "transportation company" is defined to relate to railroad, street railway, canal, steamboat line, etc., no phase of which relates to such a utility as is now before this court.

"Transmission company" is defined to relate to telegraph or telephone lines, and "public service corporation" was made to include, gas, electric light, heat and power companies, and all persons authorized to exercise the right of eminent domain, or to use or occupy any right of way, street, alley, or public highway in a manner not permitted to the general public. And the provisions of article 9, of the Constitution, "shall always

be so restricted in their application * * * as if the necessary limitations upon their interpretations had been * * * expressed in each case."

By section 35, Id., the Legislature is authorized to alter, amend, revise, or repeal sections from 18 to 34, inclusive, with the limitation that no amendment by law so provided shall contravene any other part of the Constitution.

It is thus observed that the Constitution did not give the Corporation Commission any jurisdiction over public utilities other than transportation and transmission companies, save and except in connection with taxation, nor was provision made for the bestowal of additional powers upon the Corporation Commission concerning corporations, except "where the state has the right to prescribe the rate and charges in connection therewith."

Now, it is observed that at least in the beginning it was contemplated that cities, towns, and counties possessed, subject to enlargement by law, the right to prescribe, not only rules and regulations, but also rates "to be observed by any public service corporation in connection with any services performed by it under a municipal or county franchise granted by such city, town, or county, so far as such services may be wholly within the limits of the city, town or county granting the franchise." Section 18, art. 9, Const.

Howbeit, this service heretofore commanded by the Corporation Commission to be performed by the Oklahoma Natural Gas Company, for which now a judgment is rendered against appellee in a cause for the specific recovery of money, was not "wholly within the limits of the city," therefore, the jurisdiction is not within the right of the city affected.

We must look beyond the Constitution to determine whether the Commission has power to render a civil judgment for money arising on an open account and due and owing from one public service corporation to another, which is not as a rebate for overcharge to the public.

By section 3463, C. O. S. 1921 (S. L. 1913, p. 150), the Commission's jurisdiction was extended to apply to "public utilities," which, by section 3462, Id., was defined to relate to companies performing such services as are performed by those at bar. Its jurisdiction as to subject-matter was extended to "general supervision" over such

corporations, with power to fix and establish rates, prescribe rules and regulations, affecting their service, operation, management, and conduct of their business. However broad the phrase "general supervision" may be construed, by reason of inconsistent provisions of the Constitution (sec. 19, art. 9, Constitution, supra) too well known and numerous to require enumeration or citation, this court is constrained to hold that the statute last above mentioned did not vest the Commission with power or jurisdiction to hear and determine a cause of action for money due on account. Nor did the Legislature have power to confer such jurisdiction upon such a tribunal. Oklahoma City v. Corporation Comm., 80 Okla. 194, 195 P. 498; sec. 1, art. 4, Constitution; Threadgill v. Cross, 26 Okla. 403, 109 P. 558.

"The Corporation Commission, as created by article 9, of the Constitution, is a body with, so far as the regulation of public service corporations is concerned, executive, judicial, and legislative powers, but those powers are **limited,** and it has such jurisdiction and authority only as is expressly or by necessary implication conferred upon it by the Constitution and statutes. Smith v. Corp. Comm., 101 Okla. 254, 225 P. 708. * * * It has jurisdiction to supervise, regulate and control public utilities in so far as their public duties are concerned. * * * Its jurisdiction is limited to those controversies wherein the rights of a public utility and the patrons thereof are involved. It has no power or jurisdiction to adjudicate differences between private litigants of purely private matters between a utility and a citizen." Smith v. Corp. Comm., 101 Okla. 254, 225 P. 708

—or to make or enforce an order or judgment as between public utilities for the recovery of money only. Fred Harvey v. Corp. Comm., 102 Okla. 266, 229 P. 428.

"While it is true the Commission has been clothed with legislative, judicial, and executive powers, yet nowhere in the organic law is a Corporation Commission empowered to pass upon the validity of a private contract or to enforce the provisions of such a contract. This is a power entrusted exclusively to the courts." In re Norfolk & West. Ry. Co. v. Comm. (Va.) 129 S. E. 324; Public Utility Rep. 1926, p. 658.

In Inter-Mountain T. & E. Co. v. Mountain States T. & T. Co. (Mont.) Public Utility Rep. 1928C, it was held:

"The Montana Commission is without jurisdiction to adjudicate or enforce the terms of a connecting line contract between two telephone utilities."

"The guaranties of due process of law extend to every governmental proceeding which may interfere with personal or property rights, whether the proceedings be legislative, judicial, administrative or executive, and relates especially to that class of rights the protection of which is peculiarly within the province of the judicial branch of government." 12 C. J. 1195.

The Commission has no jurisdiction to render judgment or order for the payment of money alleged to be due and owing and arising on an open account existing between public utilities. There was no evidence adduced in this hearing relating to a continuance of the service or a contemplated disconnection of the gas lines.

The order and judgment is void. Its vacation is ordered.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur. WELCH, J., absent.