STATE ex rel. HALES v. PUBLIC SERVICE CO. et al.

No. 29012.    April 30, 1940.

*102 P. 2d 139.*

Geo. S. Ramsey and F. E. Riddle, both of Tulsa, for plaintiff in error.

V. E. McInnis and Lee B. Thompson, both of Oklahoma City, and Hunter L. Johnson, of Tulsa, for defendants in error.

OSBORN, J. S. W. Hales, a resident taxpayer of Tulsa, hereinafter referred to as relator, instituted this action in the district court of Tulsa county against the Public Service Company, hereinafter referred to as defendant, under the provisions of sections 5964 and 5965, O. S.

1931, 62 Okla. St. Ann. §§ 372 and 373, wherein relator sought recovery for said city of an undetermined sum of money alleged to have been paid to defendant by virtue of an illegal rate charged to said city for electric current used for street lighting purposes. The prayer of the petition was that the court determine the amount of the excess and render judgment therefor. In addition, plaintiff sought the recovery of a similar amount, as a penalty, for his own use and benefit. The trial court sustained a demurrer to the petition and entered judgment dismissing the cause and relator has perfected this appeal.

Defendant company is a public utility engaged in manufacturing, distributing, and selling electricity to the public within the city of Tulsa. It is alleged that on October 19, 1928, defendant issued a schedule of rates effective January 1, 1929, for the sale of electric energy to its customers and consumers in the city of Tulsa, which schedule of rates was approved by the Corporation Commission. Said schedule fixed rates applicable to wholesale light and power service. It is alleged that said schedule of rates was therefore applicable to the city of Tulsa, in the operation of its street lighting system. It appears that the city, on May 21, 1929, entered into a comprehensive contract with defendant relating to service to be furnished by defendant and fixing various rates to be charged by defendant for electric current to be supplied to the street lighting system of the city. The contract was amended by supplemental contract dated October 18, 1932. Neither of contracts was approved by the Corporation Commission. It is alleged that the rates fixed by the contracts were greatly in excess of the rate provided in the schedule hereinabove referred to.

It is noted that the jurisdiction of the district court was invoked to determine, first, which of the rates hereinabove referred to was applicable to the city of Tulsa insofar as the street lighting system is concerned. It is relator's contention that the schedule rate is the legal rate and that the contract rates are illegal rates.

Section 3626, O. S. 1931 (chapter 10, sec. 1, Session Laws 1913), 17 Okla. St. Ann. § 121, provides:

"The Corporation Commission is hereby vested with the power of a court of record to determine: First, the amount of refund due in all cases where any public service corporation, person, or firm, as defined by the Constitution, charges an amount for any service rendered by such public service corporation, person, or firm in excess of the lawful rate in force at the time such charge was made, or may thereafter be declared to be the legal rate which should have been applied to the service rendered; and, second, to whom the overcharge should be paid."

In passing on the validity of section 3626, this court, in Pioneer Tel. & Tel. Co. v. State, 40 Okla. 417, 138 P. 1033, 1034, said:

"Section 1, art. 7 (section 186, Williams' Anno. Ed.) of the Constitution of this state, provides that: 'The judicial power of this state shall be vested in the Senate, sitting as a court of impeachment, a Supreme Court, district courts, county courts, courts of justices of the peace, municipal courts, and such other courts, commissions or boards inferior to the Supreme Court, as may be established by law.'

"The Corporation Commission, as created by article 9, is a body with, so far as the regulation of public service corporations is concerned, executive, judicial, and legislative powers.

"By virtue of said section 1, art. 7, and the provisions of article 9, the Corporation Commission has authority to exercise all of these powers with a view of carrying out the general purposes for which the Corporation Commission was created, to wit, to regulate public service corporations and provide against abuse, discrimination, and excessive charges and the refunds thereof. Anything that is in furtherance of that purpose is within the contemplated view of its creation and is not in violation of section 1, art. 4, of the Constitution."

In Smith v. Corporation Commission, 101 Okla. 254, 225 P. 708, 709, this court said:

"It (the Corporation Commission) has jurisdiction to supervise, regulate, and control utilities in so far as their public duties are concerned, and to establish rates to be charged by them for a public service, and, if rates in excess of those established are collected, it has the authority to adjust controversies between the utility and the consumer by determining the amount of refund due the consumer, and to whom the same should be paid, and it may enforce the payment of such overcharge in the same manner that fines and penalties imposed by it are authorized to be collected by law, and, when such overcharge is collected, it shall be by the commission paid to the parties to whom it is due."

See, also, St. Louis-S. F. Ry. Co. v. State, 81 Okla. 298, 198 P. 73, 76; Muskogee G. & E. Co. v. State, 86 Okla. 58, 206 P. 242.

It was held in Atchison, T. & S. F. Ry. Co. v. State, 85 Okla. 223, 206 P. 236, 241, that under section 3626 (17 Okla. St. Ann. § 121), supra, the commission could fix the legal rate for past service and award a refund for the excess over such rate charged therefor.

In Chicago, R. I. & P. Ry. Co. v. Brown, 105 Okla. 133, 232 P. 43, it was held the Corporation Commission has exclusive jurisdiction to determine whether a rate charged for a service was reasonable and that a state district court is without jurisdiction to entertain an action to determine a reasonable charge for such service and to recover the amount charged in excess thereof.

In St. Louis & S. F. Ry. Co. v. State, 116 Okla. 95, 244 P. 440, in a refund case it was held the Corporation Commission had jurisdiction to determine which of two rates was applicable.

By its ruling on the demurrer to the petition the trial court determined that exclusive jurisdiction was in the Corporation Commission to determine the amount, if any, which defendant had charged the city in excess of the lawful rate, or in excess of what the Corporation Commission should declare to be the legal rate.

In the light of the above authorities, the trial court did not err in making this determination.

The judgment is affirmed.

BAYLESS, C. J., and GIBSON, HURST, and DAVISON, JJ., concur.