Cortez GIBSON and Harold Gibson, Executors of the Estate of Amanda Gibson, Deceased, Plaintiffs in Error,

v.

ELMORE CITY TELEPHONE COMPANY, Defendant in Error.

No. 41089.

Supreme Court of Oklahoma.

Feb. 15, 1966.

Crowe, Boxley, Dunlevy, Thweatt, Swinford & Johnson, Oklahoma City, for plaintiffs in error.

James G. Welch, Oklahoma City, and W. D. Hart, Pauls Valley, for defendant in error.

HALLEY, Chief Justice.

There is involved here a controversy between two utilities operating private telephone exchanges over the proper division of telephone charges made on toll calls handled in interchange operations between the two parties. The parties will be referred to as they appeared in the trial court. The original plaintiff died during the pendency of this action and the case has been revived in the name of the executors of her estate.

The trial court dismissed the action holding it was without jurisdiction and that jurisdiction over the controversy was vested exclusively in the Corporation Commission of the State of Oklahoma. This appeal is prosecuted from the order of dismissal.

Plaintiff owns and operates a telephone exchange in Pernell, Oklahoma and long-distance telephone lines between Elmore City and Pauls Valley, Oklahoma. Defendant owns and operates a telephone system in Elmore City. Plaintiff owns no switching facilities. Defendant furnishes switching facilities for all telephone calls between Pernell and Elmore City; also switching services for all long distance calls transmitted over the line of the plaintiff between Elmore City and Pauls Valley or points beyond Elmore City. Defendant bills and collects for all long-distance calls originating in Elmore City transmitted over the lines of the plaintiff. It is obligated to pay a portion of these toll charges to the plaintiff.

Both plaintiff and defendant are utilities operating under certificates of convenience and necessity issued by the Corporation Commission of the State of Oklahoma.

The Corporation Commission was created by § 15, Art. 9, Constitution of Oklahoma. It has sole and exclusive authority to promulgate orders determining the rates telephone and transmission companies may charge for the transmission of messages. § 18, Article 9, Constitution of Oklahoma. It has the power "to require two telephone companies to establish a physical connection between their exchanges and toll lines, so as to permit a continuous transmission of messages, for the benefit and convenience of the public." Pioneer Telephone and Telegraph Co. v. State, 78 Okl. 38, 188 P. 107.

It has jurisdiction to determine a just and equitable division of the revenue received from toll charges between the two companies. Oklahoma-Arkansas Tel. Co. v. Southwestern Bell Tel. Co., 143 Okl. 76, 291 P. 3. The companies may mutually agree on a division of the revenue but their agreement must be approved by the Corporation Commission. Oklahoma Gas & Electric Co. v. Wilson & Co., 146 Okl. 272, 288 P. 316. It is the duty of the parties to submit the

agreement to the Corporation Commission for approval. Oklahoma-Arkansas Tel. Co. v. Southwestern Bell Tel. Co., supra.

The parties to the present action on or about the 20th day of May, 1960, mutually agreed upon a division of the revenue received by the parties from telephone toll charges on messages transmitted over their connecting lines. Such agreement was approved by the Corporation Commission on May 23, 1960.

Plaintiff contends that pursuant to the division of revenue authorized by the Corporation Commission the defendant has made certain overcharges and has not paid the plaintiff the sum of $7,682.45 she was entitled to receive under the provisions of the order entered by the Corporation Commission.

■ This litigation involves solely a dispute between two private concerns over a division of toll charges collected by one concern. It is not contended that the rates charged were in excess of the rates fixed by the Corporation Commission. The Corporation Commission has no jurisdiction over a controversy between two private concerns. Such controversy can be adjusted only in a suit between the parties in a court of competent jurisdiction.

This identical question was before this Court in Oklahoma-Arkansas Tel. Co. v. Southwestern Bell Tel. Co., supra, wherein the facts are as follows: Plaintiff operated telephone exchanges in several cities in Oklahoma with toll lines connecting the exchanges with each other and with the exchange of the defendant located at Fort Smith, Arkansas. A controversy arose between the two companies over the division of the toll receipts which culminated in the defendant installing its own switchboard in Poteau and canceling its connecting service with the plaintiff. Plaintiff filed proceedings before the Corporation Commission seeking an order requiring the defendant to restore the service. In the proceedings before the Corporation Commission, defendant contended that plaintiff was indebted to it for past services in the amount of $4,982.91.

The Commission entered an order directing the defendant to restore the service and directed the plaintiff to pay the disputed indebtedness of $4,982.91. This Court on appeal held that the Commission was "without jurisdiction" to determine the contested claims between the two telephone companies which "can be adjusted only in a court having jurisdiction thereof" and must "be determined in a court of competent jurisdiction". A portion of the opinion reads:

"The Corporation Commission is without jurisdiction to determine that a connecting company has collected more than it agreed to charge in a contract made between it and the connecting company. That is a matter over which the Corporation Commission has no control, and can be adjusted only in a court having jurisdiction thereof.

"The act of the Bell Company in *serving* (probably meant severing) the physical connection between the lines of the Poteau Company and the exchange of the Bell Company at Ft. Smith may or may not have resulted in a loss to the Poteau Company. If it has resulted in a loss, the Poteau Company is entitled to recover the amount thereof. The Corporation Commission has no jurisdiction to determine that amount, and, under the statutes of Oklahoma, that claim is a counterclaim which the Poteau Company would have a right to plead in an action by the Bell Company for the recovery of any amount due under its contract with the Poteau Company.

"As to the merits of that controversy, we express no opinion other than to say that all of those issues growing out of the contract under which the Poteau Company and the Bell Company were operating may be determined in a court of competent jurisdiction."

■ This Court has held in several cases that the courts having jurisdiction over

the parties are the proper forum for determining the rights of private parties under the provisions of orders entered by the Corporation Commission.

In Central States Power and Light Corporation v. Thompson, 177 Okl. 310, 58 P.2d 868, plaintiff sought recovery for overcharges on gas furnished them by a utility company contending they were charged the domestic rate rather than the industrial rate. This Court held the jurisdiction was properly vested in the District Court, saying:

"Where a matter is one of purely private concern between a public utility and one of its patrons, the courts have jurisdiction to determine such controversy."

In the body of the opinion the Court quoted with approval from Chicago, R. I. & P. R. Co. v. State, 158 Okl. 57, 12 P.2d 494, as follows:

"In the above decision this court held that the Corporation Commission had jurisdiction as to all matters where the public and the utility were involved, but that the Corporation Commission had no power or jurisdiction to adjudicate differences which are purely private between a utility and a citizen. The line of demarcation being that, so long as the matter in controversy is one that affects the public, then the corporation commission would have jurisdiction to consider the same, but, where said matter in controversy is a private matter merely between the company and the individual, then the same become a private matter between the corporation and the individual and not a public concern, and, not being of public concern, the Corporation Commission does not acquire jurisdiction thereof."

Other cases to the same effect are: James v. Oklahoma Natural Gas Co., 181 Okl. 54, 72 P.2d 495; Smith v. Corporation Commission, 101 Okl. 254, 225 P. 708. See also Southwestern Light & Power Co. v. Elk City, 188 Okl. 540, 111 P.2d 820.

Defendant relies principally on the case State ex rel. Hales v. Public Service Co., 187 Okl. 182, 102 P.2d 139, wherein the facts are as follows: A taxpayer filed suit against a utility company contending that it had issued a schedule of rates approved by the Corporation Commission applying to the sale of wholesale electric power and energy to its customers in the City of Tulsa; that the City of Tulsa entered into a contract with the utility company whereby it agreed to pay a greater rate for electric current furnished for the street lighting system of the City of Tulsa then provided in the schedule fixed by the Corporation Commission. He asks the Court to construe the contract and the schedule, determine if an overcharge is being made and if so, enter judgment against the utility for the overcharge.

In examining that opinion we find the City of Tulsa entered into a comprehensive contract with the service company relating to the service to be furnished and the rates to be charged. This contract was later amended but neither of the contracts were approved by the Corporation Commission. In other words, the City of Tulsa and the public service company, had, in effect, fixed the rates to be charged and the rates so fixed were not approved by the Commission. In that case we held the Corporation Commission had exclusive jurisdiction to determine what rates should have been charged.

That case is distinguishable from the case at bar. In the case at bar the parties had not only agreed as to the division of the revenues but such agreement had been approved by the Corporation Commission.

This cause is therefore reversed and remanded with directions to the trial court to overrule the plea to its jurisdiction, and proceed with a determination of this cause on its merits.