**BURMAH OIL & GAS COMPANY,**
**Appellant,**

**v.**

**The CORPORATION COMMISSION of the State of Oklahoma and its members et al., Appellees.**

**No. 48436.**

Supreme Court of Oklahoma.

Oct. 14, 1975.

McPherson & Buckingham by John C. Buckingham, Oklahoma City, for appellant.

T. Earl Curb, Asst. Gen. Counsel, Corp. Com'n of Okl., Oklahoma City, for appellees.

BARNES, Justice:

This is an original action by Petitioner, Burmah Oil & Gas Company, hereinafter referred to as "Burmah," for a writ of prohibition against the Oklahoma Corporation Commission and its members, hereinafter referred to as "Commission."

Burmah seeks to prohibit the Commission from proceeding further with the claim of Jerry L. Putman for an order directing Burmah to furnish natural gas service to his premises as provided by 52 O.S.1971 § 10, on the ground that this statute, if applied to Burmah, is unconstitutional. Bur-

mah seeks prohibition for the further reason that the Commission does not have authority, either express or implied, to enforce the said statute.

We will consider Burmah's second proposition first because if we decide that the Commission does not have jurisdiction of this case, it will not be necessary to consider the constitutionality of the act.

It is agreed by the parties that Burmah is a private corporation engaged in the business of exploring for and producing oil and gas and associated hydrocarbons. Putman is a private individual seeking a connection to Burmah's gas pipeline. Burmah owns and maintains said gathering line across lands owned by Putman for the purpose of transporting gas produced by Burmah from its wells to a gas processing plant. The line across Putman's land is maintained pursuant to a private easement, which was acquired by Burmah through purchase and not through eminent domain. Burmah has never engaged in the gas distribution business in the State of Oklahoma and has never dedicated its facilities to rendering gas distribution service to the general public or to any portion of the general public.

The statute under attack, 52 O.S.1971 § 10, provides:

"§ 10. *Pipe line companies may cross highways, bridges, etc.—Supplying gas to landowner.*

"Every gas pipe line corporation or individual in this state is hereby given authority to build, construct and maintain gas pipe lines, over, under, across or through all highways, bridges, streets, or alleys in this state, or any public place therein, under the supervision of the inspector of oil and gas as to where and how in said highways, bridges, streets, alleys and public places said pipe lines shall be laid, subject to the control of the local municipalities as to how the business of distribution in that municipality shall be conducted, and subject to responsibility as otherwise provided by

law; provided, however, that whenever any gas pipe line crosses the land or premises of any one outside of a municipality, said corporation shall, by request of the owner of said premises connect said premises with a pipe line and furnish gas to said consumer at the same rate as charged in the nearest city or town. R. L.1910 § 4303; Laws 1929, c. 44, p. 56, § 3." (Emphasis ours)

An examination of the statute discloses that there are two unrelated matters covered therein. The first, as the title indicates, authorizes pipe line companies to cross highways, bridges, etc., while the second provides for supplying gas to the landowner. The latter does not provide any procedure for enforcement of the request for service by the landowner. Commission contends that this is to be inferred from the first part of the section. The two provisions might as well have been separate sections insofar as they relate to one another. We cannot see where the statute authorizes or empowers the Commission to enforce the act insofar as it relates to the problem at hand.

The Oklahoma Corporation Commission is a tribunal of limited jurisdiction. 52 O.S. § 10 confers no jurisdiction upon the Commission to enforce the provisions thereof. Under Article 9, Section 18, of the Oklahoma Constitution, and 17 O.S. § 152, the Commission has general supervision over public utilities and common carriers and power to prescribe rates, requirements and certain other regulations affecting the services of public utilities and common carriers. However, nothing in the Constitution or statutes confers upon the Commission jurisdiction to grant the relief sought by Putman in this cause.

In *Oklahoma City v. Corporation Commission* (1921), 80 Okl. 194, 195 P. 498, the Court said in the syllabus:

"The Corporation Commission of this state has such jurisdiction and authority only as is expressly or by necessary impli-

cation conferred upon it by the Constitution and the statutes."

In *Smith et al. v. Corporation Commission et al.* (1924), 101 Okl. 254, at page 256, 225 P. 708, at page 709, this Court held with regard to the authority of the Corporation Commission:

> " * * * Its jurisdiction is limited to those controversies wherein the rights of a public utility and the patrons thereof are involved. *It has no power or jurisdiction to adjudicate differences between private litigants or purely private matters between a utility and a citizen.*" (Emphasis ours)

The Court said substantially the same thing in *Chicago, R. I. and P. Ry. Co. v. State* (1932), 158 Okl. 57, 12 P.2d 494.

 We believe the issue of whether the Corporation Commission has jurisdiction in the instant case is answered directly by *Gibson v. Elmore City Telephone Company* (Okl.1966), 411 P.2d 551, involving a dispute between two private concerns. There the Court said:

> " * * * *The Corporation Commission has no jurisdiction over a controversy between two private concerns.* Such controversy can be adjusted only in a suit between the parties in a court of competent jurisdiction." (Emphasis ours)

More recently, in *Southern Union Production Company v. Corporation Commission* (Okl.1970), 465 P.2d 454, this Court cited *Gibson*, supra, saying:

> "We have held that the Corporation Commission is without authority to hear and determine disputes between two or more private persons or entities in which the public interest is not involved. *Gibson v. Elmore City Telephone Co.* (1966), Okl., 411 P.2d 551."

The Commission has cited no constitutional or statutory authority for the Commission assuming jurisdiction in this matter. For this reason, and in view of the foregoing cases, we hold the Oklahoma Corporation Commission has no jurisdiction over the controversy involving the two private entities herein. Writ of prohibition is therefore granted, and the Commission is directed to dismiss Mr. Putman's complaint.

Original jurisdiction assumed. Writ of prohibition issue.

.WILLIAMS, C. J., HODGES, V. C. J., and IRWIN, BERRY, LAVENDER and SIMMS, JJ., concur.

DOOLIN, J., concurs in result.