2002 OK CIV APP 110

**PRAIRIE EXPLORATION and Darryl F. Roberts, Petitioner/Appellees,**

v.

**TRI–STAR ENERGY, L.L.C., Respondent/Appellant.**

No. 97,366.

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 4, 2002.

Darryl F. Roberts, Ardmore, OK, for Petitioner/Appellees.

Charles B. Davis, Oklahoma City, OK, for Respondent/Appellant.

Opinion by CAROL M. HANSEN, Presiding Judge.

¶1 Respondent/Appellant, Tri–Star Energy, L.L.C. (Tri Star), seeks review of orders of the Oklahoma Corporation Commission enforcing the gas gathering statutes, 52 O.S. 1991 § 21 et seq. We decline to review the Commission's interim order, reverse its emergency order as outside its authority, and affirm its final order directing Tri–Star to provide Petitioner/Appellees, Prairie Exploration Company and Darryl F. Roberts (collectively Prairie), with access to Tri–Star's gathering system at a gathering fee of $.0584 per mmbtu.[1]

¶2 Prairie petitioned the Commission for relief under 52 O.S.Supp.1999 § 24.5, alleging Tri–Star, as gatherer, had refused Prairie access to its pipeline in violation of the statute.[2] Prairie sought interim relief allowing it access to the pipeline during the pendency of the case. After a hearing on the application for interim relief, the parties reached an

---

1.  MmBtu = one million British thermal units.

2.  Prairie initially named William Kirkpatrick as respondent. It later added Tri–Star as a party and dismissed Kirkpatrick.

agreement allowing Prairie access to Tri–Star's system at $.10 per mcf[3] for a period of 120 days. Tri Star's counsel was present when Prairie's counsel stated the agreement for the record. The Commission entered an interim order imposing the agreed terms. Soon after the interim order expired, the Commission entered an agreed order extending its effectiveness until further order of the Commission.

¶ 3 Several months later, Prairie applied for an emergency order, alleging Tri–Star's manager was interfering with Prairie's operations. Tri–Star moved to vacate, amend, or modify the interim order. After a hearing on both motions, the Commission entered an emergency order, over Tri–Star's objection, allowing Prairie to repair and restore, at Tri Star's expense, valves and lines disrupted by Tri–Star. It ordered Tri–Star to return to Prairie equipment Tri–Star had removed. It also allowed Prairie to repair and restore lines necessary to gather gas from certain wells listed in the interim order.

¶ 4 Before the hearing on the merits, Tri–Star moved to dismiss the action, alleging it had given thirty days notice of its intent to abandon its gathering facilities. After the hearing on the merits, at which Tri–Star put on no evidence, the Commission issued its final order, directing Tri–Star and Kirkpatrick[4] to provide Prairie access to the gathering system at a gathering fee of $.0584 per mmbtu. Tri–Star appeals from this order.

¶ 5 Tri–Star contends (1) implementation of the Commission's order constitutes an uncompensated taking of private property, (2) the Commission's action violates its statutory authority in 52 O.S.Supp.1999 §§ 24.4 and 24.5, (3) the Commission exceeded its jurisdiction by authorizing use of the gathering system by Prairie, and (4) Tri–Star has been denied equal protection under the law. Tri–Star asks this Court to vacate all orders of the Commission issued in this matter.

[1] ¶ 6 Appeals from Commission orders under the gas gathering statutes are allowed "as now provided by law for appeals in other cases." 52 O.S.1991 § 34. While the interim and emergency orders in this case may have been appealable pursuant to 12 O.S.1991 § 952(b)(3), Tri–Star's failure to appeal those orders does not preclude it from asserting error in them after the final order is rendered. However, in order to preserve error, Tri Star must have made known its objection to the lower tribunal at the time of its ruling. 12 O.S.1991 § 630. Tri Star raised no objection to the interim order at the time the Commission entered it. Therefore, it preserved no error arising from the Commission's action in entering the order.

■ ¶ 7 The emergency order in this case materially affected a substantial part of the merits of the controversy. It stated it was effective until further order of the Commission. The final order did not modify the emergency order. Therefore, the emergency order is reviewable along with the final order.

■ ¶ 8 The usual standard of review for a Commission order is whether the Commission has regularly pursued its authority and whether the findings and conclusions of the Commission are sustained by the law and substantial evidence. Okla. Const. Art. 9, § 20. However, if the appellant asserts violation of its constitutional rights, this Court must exercise its own independent judgment as to both the law and the facts. *Id.* Tri–Star has asserted violation of its rights to due process and equal protection; therefore, we will exercise *de novo* review. *Anderson–Prichard Oil Corp. v. Corporation Comm'n,* 1951 OK 234, 205 Okla. 672, 241 P.2d 363, 368.

¶ 9 The gravamen of Tri–Star's appeal is the Commission unlawfully allowed Prairie to isolate and take control of Tri Star's pipeline. It argues this action violated its right to due process by taking its private property for private use in violation of Okla. Const. Art. 2, § 23. It argues the gas gathering statutes, 52 O.S.Supp.1999 §§ 24.4 and 24.5, do not authorize the Commission to transfer possession and control of Tri–Star's system

---

3. Mcf = one thousand cubic feet. 1 mcf of gas = 1.03 mmBtu.

4. The record contains no motion seeking to join Kirkpatrick as a party again following his dismissal.

to Prairie, and the Commission exceeded its jurisdiction in so doing. Lastly, Tri–Star contends the Commission allowed Prairie to operate beyond the authority in existing orders and failed to require Prairie to comply with the emergency order. It argues this action violated its right to equal protection by enforcing the law against one litigant but not the other.

¶ 10 Prairie does not address whether it exerted control over Tri–Star's pipeline. Rather, it argues Tri–Star agreed to the interim order, employed a ruse to attempt to defeat the Commission's jurisdiction, and failed to proceed in good faith. In addition, it argues the gas gathering statutes are a constitutional exercise of police power.

¶ 11 The transportation of natural gas by pipelines is regulated by 52 O.S.1991 §§ 21 to 34 (Pipeline Act). The Legislature amended the Pipeline Act in 1999 to repeal § 24.3 and replace it with §§ 24.4 and 24.5. Okla.Sess.Laws 1999, c. 317, §§ 2 and 3. Section 24.4 defines terms used in § 24.5. The latter section prohibits a gatherer from imposing unfair, unjust, unreasonable, or unduly discriminatory fees and terms of service. 52 O.S.Supp.1999 § 24.5(A). It grants the Commission the authority to remedy such fees or terms by ordering an adjustment. 52 O.S.Supp.1999 § 24.5(A)(1). It also prohibits a gatherer from "refus[ing] to provide open access natural gas gathering, including the redelivery of such natural gas to existing redelivery points, for a fee for any person seeking such gathering," subject to certain exceptions which depend upon whether or not the natural gas is already connected to the gatherer's pipeline. 52 O.S.Supp.1999 § 24.5(B) and (C). The Commission has authority to determine if a gatherer has refused service, and if so, to fix the fee and terms for such gathering.

¶ 12 The Commission is a tribunal of limited jurisdiction. *Burmah Oil & Gas Co. v. Corporation Commission*, 1975 OK 138, 541 P.2d 834, 835. It has no power to adjust the rights between private parties except as granted by the Oklahoma Constitution and statutes. *Id.* at 836. The Commission's authority to enforce the Pipeline Act is limited to that granted by the act itself. In

52 O.S.1991 § 34, the Commission is "authorized and empowered to enforce all the provisions of this act ... except where jurisdiction is conferred on some other branch of the state government by the Constitution of this state."

¶ 13 While § 24.5 does not specify a remedy for the violation of Commission orders entered in its enforcement, other sections of the Pipeline Act provide remedies for its violation. Pursuant to 52 O.S.1991 § 25, the Commission may prevent a violator from operating any gas wells, leases, holdings, or interests. In addition, the Pipeline Act provides a criminal penalty for its violation; however, "the court of competent jurisdiction of the county in which the ... violation ... has occurred," not the Commission, has jurisdiction to impose the criminal penalty. 52 O.S.1991 § 31. The Pipeline Act also authorizes the Commission to recommend to the Attorney General that a corporation in violation of the act be placed in receivership. 52 O.S.1991 § 32. Within ten days of receiving the Commission's recommendation, the Attorney General must file a petition in district court for appointment of a receiver. The statute further provides,

> The receiver, when appointed, shall immediately take charge of all the business, property and assets of such corporation in the state and shall retain possession thereof until it shall be determined upon the trial whether or not such corporation has violated the provisions of this act, then, in addition to the other penalties herein provided, all the property of said corporation shall be retained under such receivership until the penalties incurred hereunder are paid, after which the receivership may be discharged upon such terms and conditions as the court may impose as an assurance for the further compliance with this act.

*Id.*

¶ 14 The Commission exceeded its authority under the Pipeline Act in entering its emergency order allowing Prairie to repair and restore Tri–Star's valves and lines. It had jurisdiction to order access and set a fee, but it could not remedy Tri–Star's violation by allowing Prairie to exercise control over Tri–Star's property. Only the district court

may effect such a remedy by ordering a receivership. Therefore, we must reverse the emergency order. Because we reverse the emergency order based on its being in excess of statutory authority, we need not consider whether it violated Tri–Star's constitutional rights.

¶ 15 The Commission's final order was within its authority and well supported by the evidence. Prairie's evidence established Tri–Star was a gatherer within the meaning of §§ 24.4 and 24.5 and had refused Prairie access to its pipeline in violation of § 24.5. Therefore, the Commission properly determined Tri–Star was required to provide open access natural gas gathering to Prairie. The testimony of Prairie's expert witness established the reasonableness of the gathering fee. Tri–Star has not challenged the amount of the fee, and the actions which it complains violated its constitutional rights arise only from the emergency order and not from the final order. Accordingly, we leave the final order undisturbed.

¶ 16 For the foregoing reasons, we RE-VERSE the Commission's emergency order and AFFIRM its final order.

ADAMS, J., and MITCHELL, J., concur.