Gene FERNANDEZ, d/b/a Pryor
Paneling, Appellant,

v.

PROGRESS PRINTING COMPANY, INC., Donn T. Dodd, as Editor and Individually, Lyle Becker, as Agent of Defendant Dodd and Individually, Henry Goodman, as Agent of Defendant Dodd and Individually, Jack Shorter, as Agent of Defendant Dodd and Individually, and John Doe, Unknown Retailer(s) and Merchant(s) in Competition With the Plaintiff, Appellees.

No. 58293.

Court of Appeals of Oklahoma,
Division No. 3.

Aug. 30, 1983.

Released for Publication by Order of
Court of Appeals Sept. 30, 1983.

Daniel Doris, Tulsa, for appellant.

Jerry D. Sokolosky, Oklahoma City, for appellees.

WILSON, Presiding Judge:

The issue in this case is whether a person seeking to advertise his business has a cause of action for damages against a newspaper that refuses to accept and publish the advertisement.

Plaintiff Gene Fernandez filed suit for damages claiming the refusal to accept and publish his advertisement constituted an unlawful restraint of trade. In his second amended petition, Fernandez alleged he operated a paneling and plywood business in Pryor Creek, Mayes County, Oklahoma. Fernandez stated he attempted to place a classified advertisement in The Claremore Daily Progress. Fernandez asserted he was advised "that it was the policy of the paper not to accept advertising which would compete with businesses located in Claremore."

The trial court sustained general and special demurrers to Fernandez's second amended petition and dismissed his causes of action. Plaintiff Fernandez appeals.

Although Oklahoma appellate courts have not addressed this issue, the great weight of authority in the common law supports the rule that the publisher of a newspaper is not required to accept and publish an advertisement in the absence of circumstances amounting to an illegal monopoly or conspiracy. It is immaterial whether the refusal is based on reason or mere caprice, prejudice or malice. *Moola v. Tribune Publishing Company,* 14 Ariz.App. 82, 480 P.2d 999 (1971); 58 Am.Jur.2d *Newspapers, Periodicals, Etc.* § 21; and 18 A.L.R.3d 1286 *Right of Publisher of Newspaper or Magazine in Absence of Contractual Obligation, To Refuse Publication of Advertisement.*

Appellant Fernandez argues that the refusal to sell advertising space to him falls under 79 O.S.1981 § 2. He contends that the refusal to sell advertising space to one business while selling it to another is analogous to selling advertising space at a lower price to one than to another.

Section 2 of Title 79 provides, in pertinent part:

It shall be unlawful for any person, firm, corporation or association, engaged in the production, manufacture, distribution, purchase or sale, of any commodity of general use, or rendering any service to the public or engaged in the sale or furnishing of advertising or advertising service or space for advertisements in publications thereof, to directly or indirectly, either in person or by or through any agent or representative, discriminate between different persons, firms, associations or corporations or between different sections, communities or cities of the state;

\*    \*    \*    \*    \*    \*

By selling such commodities, or rendering such service, or by selling or furnishing such advertising or advertising service or space for advertisements in publication thereof, at a lower price or rate to one person, firm, copartnership, corporation or association than to another, if the effect or intent thereof is to establish or

maintain a virtual monopoly hindering competition or restraining trade, or to destroy the competition of any regular established dealer in such commodity or to prevent the competition of any person who in good faith intends and attempts to become such a dealer, or to destroy the competition of any person, firm, co-partnership, corporation, or association who is engaged in furnishing such service, or in the sale or furnishing of such advertising, advertising service or space for advertisements in publications thereof;

\*　　\*　　\*　　\*　　\*　　\*

This statute explicitly makes the selling of space for advertisements in publications at a lower price or rate to one than to another unlawful. The statute does not mention the refusal to sell advertising.

In *James v. Oklahoma Natural Gas Co.,* 181 Okl. 54, 75 P.2d 495 (1937), an action filed under the statute against a public utility, the Supreme Court stated in its syllabus:

> In asserting a cause of action based on discrimination under chapter 68, article 1,. O.S.1931 (79 Okl.St.Ann. §§ 1, 21 et seq.), plaintiff's petition must allege acts which

constitute unfair or unlawful discrimination as defined therein. *Held,* the petition in this case does not allege any discrimination which is made "unlawful" or "unfair" by said article.

We conclude that the allegations of Fernandez's second amended petition do not state facts sufficient to state causes of action. The newspaper had the right as a private business to exercise its independent discretion concerning with whom it would deal. Fernandez did not allege unfair or unlawful discrimination as defined in 79 O.S.1981 § 2.

The order sustaining the general demurrer to plaintiff Fernandez's second amended petition and dismissing his case is AFFIRMED.

HOWARD and HUNTER, JJ., concur.